26   385
44   542

### IRA W. TUPPER *vs.* NATHANIEL R. THOMPSON.

### March 2, 1880.

**Fraudulent Transfer on Consideration of Future Support—Rights of Creditors.—** A voluntary transfer of personal property, by an insolvent debtor, by gift, or upon the consideration of a promised future support of the debtor, is *prima facie* evidence of a fraudulent intent, and void as against creditors; and any such judgment creditor may treat the attempted transfer as a nullity, and subject the property to seizure and sale on an execution in his favor, the same as though no transfer had been made.

**Evidence of Fraud on a simple Issue of Ownership.—** Upon a simple issue of ownership averred in the complaint and denied in the answer, (no source of title being indicated in the former,) between a plaintiff who claims title to the property on the trial only under such a transfer, and a defendant shown to be in possession as sheriff under a valid execution against the insolvent debtor, in favor of a creditor, it is competent for the defendant to prove any facts tending to impeach the validity of the transfer as against such creditor.

25

Action to recover possession of two horses, alleged in the complaint to belong to plaintiff, and to have been taken from his possession by defendant. In his answer the defendant denied plaintiff's title, alleged title in one D. W. Tupper, plaintiff's father, and justified the taking, as sheriff, under an execution against D. W. Tupper. At the trial in the district court for Hennepin county, before *Young, J.*, the plaintiff testified that the horses had been given to him by his father. The defendant offered in evidence the judgment roll and execution under which he took the property, showing that the debt on which the judgment was recovered (a promissory note attached to the judgment roll) was due when the alleged gift was made, and offered to prove that when the gift was made, plaintiff's father was insolvent, and made it with intent to defraud his creditors. All this evidence was excluded, on the ground that the answer did not allege such insolvency or such fraudulent transfer, and the defendant excepted. The same ruling was repeated in the charge, the court instructing the jury that there was no question of fraud in the case. The verdict was for plaintiff, a new trial was refused, and the defendant appealed.

*Benton, Benton & Roberts*, for appellant.

*Geo. W. Hael*, for respondent.

CORNELL, J. A voluntary transfer of personal property by an insolvent debtor, by gift, or upon the consideration of a promised future support of the debtor, necessarily tends to prejudice and delay the just claims of his creditors, and is *prima facie* evidence of a fraudulent intent. The result in either case is to place the property beyond the reach of creditors, and, in the latter, to secure to the debtor the use and benefit of its avails. As against the creditors, the law pronounces such a transaction fraudulent and void, and ineffectual to pass any title from the debtor. The attempted transfer may be treated as a nullity, and the property subjected to seizure and sale upon execution, at the instance of any judgment creditor, the same as though no transfer had been made. *Henry* v. *Hinman*, 25 Minn. 199. Upon a simple issue of

ownership, alleged in the complaint and denied in the answer, no source of title being indicated in the former, between a plaintiff claiming title to the property on the trial under such a transfer, and a defendant shown to be in possession as sheriff, under a valid execution in favor of a judgment creditor against the insolvent debtor, it is competent for the defendant to prove any facts tending to impeach the validity of the transfer as against such creditor. The direct effect of such evidence is to disprove the alleged fact of ownership. *Bond* v. *Corbett*, 2 Minn. 209 (248;) *Caldwell* v. *Bruggerman*, 4 Minn. 190 (270.)

The complaint herein simply alleges ownership of the property in the plaintiff, without indicating any source of title. In the answer, issue is taken upon this allegation, and the defendant also alleges property in one D. W. Tupper, the father of plaintiff, and justifies, as sheriff of Hennepin county, under a judgment and execution against him in favor of one Patten. Upon the trial, the only title to the horses relied upon, or attempted to be proved by the plaintiff, was a gift of the property from his father, upon the sole condition that he should furnish the latter such future support as he might be able to render out of his earnings. To controvert this, the defence offered to prove the judgment and execution set out in the answer, that the debt upon which the judgment was rendered was contracted prior to the alleged gift, and that the debtor was insolvent at that time, and had ever since so remained.

That the facts thus sought to be shown constituted, if proved, a good defence to the case made out by the plaintiff's proofs, cannot be questioned; but the trial court excluded it, upon the sole ground that the invalidity of the gift or its fraudulent character was not raised by any averments in the answer. This ruling and the instructions based thereon were evidently erroneous. They rested upon an entire misapprehension of the scope and effect of the pleadings. The complaint tendered no issue upon the validity of any gift. The

issuable fact presented was that of ownership. What probative facts might be relied upon for its support, the defendant could not anticipate or meet specifically in his answer, nor was it necessary, inasmuch as they could be controverted on the trial, under the general denial of the fact of ownership set up in the complaint. For these reasons a new trial must be granted, and the order denying it is reversed.