LETTIE F. FURMAN *vs.* HENRY TENNY, impleaded, etc.

June 6, 1881.

**Exempt Property.**—A voluntary transfer of property exempt from execution vests a good title in the donee as against the creditors of the donor.

**Replevin—Proof Admissible under General Allegations.**—Under a general allegation in the complaint, in an action of replevin, of ownership in the plaintiff, and a denial thereof in the answer, accompanied with an allegation of ownership in a third party, and a seizure of the property by the defendant, (an officer,) on execution against such third party, the defendant may introduce testimony to show that a voluntary transfer by the execution debtor to the plaintiff was fraudulent and void as to creditors, and the plaintiff may show in rebuttal that the property was exempt from execution at the time of such transfer.

**Evidence—Statements of Husband as to Perfected Gift before Marriage.**—There having been a voluntary transfer of the property, as claimed by the husband, to the wife before their marriage, testimony that after the marriage the husband was accustomed to speak of the property as belonging to his wife, while he was living with her and accustomed to use the property, and before the seizure, was properly received to characterize the possession, and show a perfected gift.

Appeal by defendant Tenny from an order of the district court for Blue Earth county, *Dickinson, J.*, presiding, denying his motion for judgment on the special findings of the jury, and refusing a new trial.

*P. A. Foster*, for appellant.

It is a fraud upon creditors for an insolvent to give away his exempt property, and the fraudulent donee acquires no right against the donor's creditors. *Howland* v. *Fuller*, 8 Minn. 30, (50;) Thompson on Homesteads and Exemptions, § 418; Smyth on Homesteads and Exemptions, § 486; *Jones* v. *Tracy*, 75 Pa. St. 417; *Currier* v. *Sutherland*, 54 N. H. 475; *Luther* v. *Drake*, 21 Iowa, 92; *Lockett* v. *James*, 8 Bush, 28; *Edmundson* v. *Hyde*, 2 Sawyer, 205; *Rosenberger* v. *Hallowell*, 35 Pa. St. 369; *Emerson* v. *Smith,* 51 Pa. St. 90; *Chambers* v. *Sallie*, 29 Ark. 407.

*D. Buck* and *Freeman & Pfau*, for respondent.

CLARK, J. This was an action of replevin for a horse, brought before a justice of the peace, against the defendant Cornelius T. Furman, the plaintiff's husband. The defendant Tenny was, on his own application, admitted to defend, and he set up in his answer that, as constable, he seized the horse on an execution against Mr. Furman, and turned it over to him again to be kept till sold, he receipting therefor, and that Mr. Furman was the owner thereof at the time of the seizure, and not the plaintiff. The case was tried, on appeal to the district court, by a jury, upon the issues between these parties. The statement of the case shows that testimony was introduced tending to show a gift of the horse by the defendant Furman to the plaintiff before their marriage, and that Mr. Furman was indebted, at the time of such gift, to the execution creditors and others.

The jury found a general verdict for the plaintiff, and the following special matters, viz.: "Was there any delivery of the possession of the property by C. T. Furman to his wife, at the time of the alleged gift?" *Answer*. "Yes." "At the time of such alleged gift was the donor in debt?" *Answer*. "Yes." Had the donor property amply sufficient, aside from the property in question, to satisfy such indebtedness as is shown in this case?" *Answer*. "No." Also the

following special finding, delivered orally by consent of parties and entered of record, viz.: "We find that the said property was exempt from execution at the time of the alleged gift, and this is the ground upon which we find for the plaintiff." The defendant moved for judgment on the special findings, notwithstanding the general verdict, and, in case of the denial of that motion, for a new trial, which motions were both denied, and an appeal was taken to this court from the order denying the same.

Three grounds of error are urged here: (1) That such exemption from execution cannot avail the plaintiff, because it was not pleaded; (2) that the transfer by gift was void as against the creditors of the donor, notwithstanding such exemption; (3) that testimony of the plaintiff and her sister, to the effect that Mr. Furman was accustomed to speak of the horse as the property of his wife, was improperly admitted.

With reference to the first, it was not necessary, as claimed by defendant's counsel, for the plaintiff to plead specially in her complaint the source of her title, viz., the voluntary transfer from Mr. Furman to her, and then anticipate and avoid attacks upon it; nor was it necessary for the defendant to set up such transfer, or pretended transfer, and matters relied upon to avoid it as against the execution creditor. It was competent, under the general allegations of title in the pleadings, for the defendant to show any state of facts which would put the ownership of the property in the husband so as it should be subject to the execution, and for the plaintiff, in rebuttal, to support her claim of ownership by the proof of any facts which would legally avoid the force of such testimony. *Tupper* v. *Thompson,* 26 Minn. 385.

Upon the second point, it has been held in this state, and such is the weight of authority, that a voluntary transfer of property exempt from execution vests a good title in the donee as against creditors. The reason of the rule is that creditors cannot be injured or defrauded by the transfer of property which is by positive law exempt from seizure to satisfy their debts. *Morrison* v. *Abbott,* 27 Minn. 116; *Carhart* v. *Harshaw,* 45 Wis. 340; *Delashmut* v. *Trau,* 44 Iowa, 613; *Smith* v. *Rumsey,* 33 Mich. 183; *Derby* v. *Weyrich,* 8 Neb. 174;

*Washburn* v. *Goodheart*, 88 Ill. 229; *Hixon* v. *George*, 18 Kan. 253. As to whether the rule should not have some limitation in case of an attempted fraudulent use of the exemption law,—as, for example, an attempt by a dishonest debtor, step by step, to turn all his property into exempt property, and transfer it beyond the reach of his creditors,—need not now be considered, for there is no pretence of any such fraudulent purpose in this case.

The statements of the husband, which are the subject of the third point, were made before the seizure, while Mr. Furman was living with his wife, and accustomed to use and care for the horse, and were competent as tending to characterize the possession, and show a perfected gift.

Order affirmed.

NOTE. A motion for reargument of this case was denied on August 8, 1881.