WILLIAM KENNEY *vs.* WALTER GOERGEN.

December 13, 1886.

Attachment—Non-Resident Debtor—Requisites of Affidavit.—An affi-davit for an attachment against a non-resident defendant need not state that he has property in the state subject to attachment.

Same—Evidence of Fraud on Simple Issue of Ownership.—Upon a simple issue of ownership, averred in the complaint and denied in the an-swer, between a plaintiff claiming title to personal property under a transfer from an insolvent debtor and a defendant in possession as sheriff under a valid process against the debtor in favor of a creditor, it is com-petent for the defendant to prove that such transfer was fraudulent and void, as against such creditor; following *Tupper* v. *Thompson*, 26 Minn. 385.

Incompatible Offices—Clerk of District Court and Court Commis-sioner.—The offices of clerk of the district court and of court commis-sioner are not incompatible, and the acceptance of one by the incumbent of the other will not operate to vacate the latter.

Action to recover possession of personal property. In his answer the defendant denied plaintiff's ownership and alleged that he took the property as sheriff, by virtue of a writ of attachment in a suit by one Holloway against one Robert Kenney, a non-resident, who was the owner of it. He also alleged that a few days before the note on which the attachment suit was brought became due, the plaintiff received the property from Robert Kenney, and that "the pretended sale" of the property "and transfer thereof by said Robert Kenney to said plain-tiff was for the purpose of defrauding and hindering the creditors of said Robert Kenney, and was fraudulent and void as to the creditors

of said Robert Kenney, and said pretended transfer from said Robert to said William took place while said Robert Holloway was a creditor of said Robert Kenney as aforesaid."

At the trial in the district court for Houston county, before *Farmer,* J., the plaintiff objected and excepted to the admission of evidence to prove a fraudulent sale to plaintiff, because of failure of the answer to state facts sufficient to constitute such a defence. He also objected and excepted to the admission of the record in the attachment suit, on the grounds mentioned in the opinion, and to the instructions on which the 6th and 7th assignments of error are based, and which were to the effect that to impeach a sale of personal property for fraud upon creditors, it is not necessary to show a fraudulent intent on the part of the purchaser, but it is sufficient if the buyer knew of the seller's fraudulent intent, or had notice of facts from which such intent might reasonably and naturally be inferred by an ordinarily cautious person, and that in such case a fraudulent transfer is void as to creditors though the buyer paid a valuable consideration. The jury found for defendant, a new trial was refused, judgment was entered on the verdict, and plaintiff appealed.

*P. J. & E. H. Smalley,* for appellant.

*Kirkpatrick, Alexander & W. H. Harries,* for respondent.

MITCHELL, J. 1. Appellant cites numerous authorities to the effect that, where a defendant is a non-resident who has not been served with process, and who has not appeared in the action, it is the fact alone that he has property in the state subject to attachment that enables the court to obtain jurisdiction. This is elementary, but it is not necessary to state that fact in the affidavit for attachment. The statute does not require it. Gen. St. 1878, c. 66, § 147. Such an allegation would serve no good purpose, for the *mere* existence of property within the state does not give the court jurisdiction. The proceedings, although in form *in personam,* are in effect *in rem;* and it is only by *attaching* the property that the court acquires jurisdiction, and then only to the extent of the property attached. If no property be found on which to levy, there is nothing to which the jurisdiction can attach, and the court could proceed no further. Wade, Attachm. § 70; Drake, Attachm. § 5; *Cooper* v. *Reynolds,* 10 Wall.

308; *Pennoyer* v. *Neff*, 95 U. S. 714. Whatever is said to the contrary in *Stone* v. *Myers*, 9 Minn. 287, (303,) and *Cleland* v. *Tavernier*, 11 Minn. 126, (194,) can be supported, *if at all*, only upon the ground of the peculiar statute then in force. Compare Pub. St. 1858, *c.* 72, § 36, with Gen. St. 1878, *c.* 66, § 70.

2. Appellant claims that the writ of attachment was void because issued by the same person, as deputy-clerk of the district court, who allowed it as court commissioner, the person assuming to hold both offices at the same time. The contention is that the two offices are so incompatible that the acceptance of one by the incumbent of the other operates, *ipso facto*, to vacate the latter. There is no express incompatibility created by the constitution or by statute. To render two offices incompatible at common law, so that the acceptance of one would, *ipso facto*, vacate the other, the functions of the two must be inconsistent, as where an antagonism would result in the attempt by one person to discharge the duties of both offices. But where one office is not subordinate to the other, and the relations of the one to the other are not repugnant and inconsistent, then the two are not incompatible. *People* v. *Green*, 5 Daly, 254; s. c. 58 N. Y. 296. We can see no ground for holding these two offices incompatible at common law. The one is not subordinate to the other, and neither officer can interfere with or has any supervision over the other. There is no such inconsistency in the functions of the two offices as would necessarily prevent one person from properly performing the duties of both.

3. It is the settled doctrine of this court that, as between a plaintiff who claims title under a transfer from the debtor and a sheriff in possession under a valid process against the debtor and in favor of the creditor, upon a simple issue of ownership, it is competent for the sheriff to prove any fact tending to impeach the validity of the transfer as against the creditor. *Tupper* v. *Thompson*, 26 Minn. 385, (4 N. W. Rep. 621;) *Furman* v. *Tenny*, 28 Minn. 77, (9 N. W. Rep. 172.) Therefore, under his denial of plaintiff's title and his allegation of property in the debtor against whom the writ of attachment ran, it was competent for defendant to prove that the transfer from the debtor to plaintiff was fraudulent and void as to creditors. It

was unnecessary to allege this in the answer. Hence it is unnecessary to consider the allegations of the answer on that point.

This disposes of all appellant's assignments of error, except the sixth and seventh, which were not urged upon the argument, and therefore we do not feel called upon to discuss them further than to say that, in our opinion, the instructions excepted to state the law correctly.

Judgment affirmed.