JOHN KING *vs.* FRANK LACROSSE.

February 10, 1890.

Replevin—Answer—Evidence.—In an action in replevin originally brought in justice's court, defendant, by general and specific denials in his answer, put in issue all of the allegations of the complaint, which was in the usual form.   He further averred in the answer that he was the owner of the property in dispute, but the previous denials in the pleading do not seem to have been predicated upon this claim of ownership.   *Held,* that it was not error for the trial court to admit in evidence a certified copy of a chattel mortgage upon the property, executed and delivered by its owner (not the plaintiff) to a third person, it having previously appeared from the testimony that the defendant's possession was as the authorized agent of said third person, mortgagee, and in accordance with the terms of the mortgage.

Other alleged errors considered and disposed of.

Appeal by plaintiff from a judgment of the district court for Otter Tail county, *Baxter,* J., presiding, in an action of replevin for two colts, of the alleged value of $60.

*Mason & Hilton,* for appellant.

*H. F. Woodard,* for respondent.

COLLINS, J. Action in replevin originally brought in justice's court. Upon appeal to the district court, where a jury trial was waived, judgment was ordered and entered against the plaintiff.

1. The defendant, save as to the taking and detention, (which were admitted,) put in issue every allegation found in the complaint, by general and specific denials. Under such an answer he could have shown anything which directly tended to controvert the allegations of the complaint, which was in the usual form in actions of replevin. He could have proved under these denials that a third person owned the property; and, properly connecting himself with the title of such person, that he was entitled to possession as against the plaintiff. See *Bond* v. *Corbett,* 2 Minn. 209, (248;) *Caldwell* v. *Bruggerman,* 4 Minn. 190, (270;) *Jones* v. *Rahilly,* 16 Minn. 283, (320;) *Furman* v. *Tenny,* 28 Minn. 77, (9 N. W. Rep. 172;) *Cushing* v. *Seymour,* 30 Minn. 301, (15 N. W. Rep. 249;) *Webb* v. *Michener,* 32 Minn. 48, (19 N. W. Rep. 82.) It is true that, by way of a further answer, defendant alleged that he was the owner and entitled to the possession of the property in question, but the previous denials do not seem to have depended or to have been predicated on this affirmative allegation. The court below seems to have treated it as surplusage, and therefore permitted defendant to show that he seized and held the colts as the agent of a third party to whom Goebel, the owner, had mortgaged them some time before they were pledged by him to the plaintiff.

2. There is nothing in plaintiff's point that the word "offspring" in the mortgage did not include the increase of the mares therein described. A glance at any dictionary will show this.

3. It is unnecessary to decide whether plaintiff, as pledgee of the property, was within the spirit and intention of Gen. St. 1878, c. 39, § 1, so that, as against him, it was incumbent upon the defendant to show, by evidence *aliunde,* that the mortgage "was executed in good faith, and not for the purpose of defrauding any creditor." The testimony shows beyond dispute, and the court found, that Goebel, the

owner, informed the plaintiff that the colts were mortgaged, when he pledged them to him. Plaintiff had actual notice of the incumbrance. *Tolbert* v. *Horton*, 31 Minn. 518, (18 N. W. Rep. 647.)

Judgment affirmed.