DANIEL MULLEN *vs.* MICHAEL F. NOONAN and others.

November 29, 1890.

**Replevin—General Averment and Denial of Title—Evidence of Fraud in Transfers.**—In an action of replevin, each party pleading in general terms that he has title to the property, and denying the title alleged by the other party, the defendant may avail himself of the defence that the conveyance under which the plaintiff claims title was fraudulent and void as to the defendant.

**Chattel Mortgage—Good Faith—Evidence.**—Case considered as showing *prima facie* that a mortgage of personal property in the apparent possession of the original owner was taken in good faith, notwithstanding a pretended prior sale of the same by him. Following *Bank of Farmington* v. *Ellis*, 30 Minn. 270.

Appeal by plaintiff from an order of the district for Big Stone county, *Brown,* J., presiding, granting a new trial after verdict directed for plaintiff in an action of replevin for a mare and colt of the value of $125.

*J. L. Macdonald,* for appellant.

*Stephen A. Flaherty,* for respondents.

DICKINSON, J. This is an action for the recovery of a horse and colt, the plaintiff declaring his ownership and right of possession. The defendants by their answer, and the intervenor by his complaint, denied the plaintiff's title, and alleged that the intervenor, Andrew Noonan, owned the property, and he sought to recover the possession from the plaintiff, who had taken it from the defendants by the statutory proceedings in this action. The property formerly was owned by one Comer, from whom both parties claim title. The plaintiff, to

sustain his claim of title, testified that he purchased this with other property from Comer, *March 2, 1887,* for the consideration of $375, which sum he credited Comer on an existing indebtedness of the latter to him.   A bill of sale of the property was given by Comer to the plaintiff.   The horses were then on the farm owned by plaintiff, but occupied by Comer and his wife.   The horses were not taken away from the farm by the purchaser, and no change of possession was shown except that the plaintiff says that he "made them over" to his daughter, who was Comer's wife, on the same place; told her that the horses were his, and that "she could take care of them for her interest."   Thereupon the plaintiff rested the case.   On the part of the defendants and the intervenor, proof was offered of a mortgage of this property by Comer to the First National Bank of Morris, on *the 9th of July, 1887,* filed for record two days later.   Evidence was presented tending to show that the mortgage was taken by the bank in good faith.   Some evidence was received, directed to showing a foreclosure sale of the mortgaged property, and a sale of the same by the purchaser to the intervenor, Andrew Noonan.   Other evidence of the foreclosure offered by the defendants was excluded, and the court directed a verdict for the plaintiff, after which a new trial was ordered, because the court considered that error had been committed in excluding proof of the foreclosure.   The plaintiff appealed from the order granting a new trial.

The order should be affirmed.   Under the issue made by the parties by their general allegations of title, the defendants and the intervenor denying the plaintiff's alleged title, (pleaded generally,) and asserting the title to be in the intervenor, the latter might rightfully avail himself in defence of the fact—or of the presumption of fact, if the case disclosed sufficient grounds for it—that the sale from Comer to the plaintiff was fraudulent and void as to the defendants and intervenor, asserting rights under the subsequent mortgage from Comer to the bank.   They might introduce evidence, if necessary, to show that the sale was fraudulent and void as to them.   *Tupper* v. *Thompson,* 26 Minn. 385, (4 N. W. Rep. 621;) *Furman* v. *Tenny,* 28 Minn. 77, (9 N. W. Rep. 172;) *Kenney* v. *Goergen,* 36 Minn. 190, (31 N. W. Rep. 210;) *Johnson* v. *Oswald,* 38 Minn. 550, (38

N. W. Rep. 630.) Whether the sale to the plaintiff was accompanied by a delivery of the property, and followed by an actual and continued change of possession, was a question upon which the jury would have been justified in finding against the plaintiff. If there had been no such delivery and change of possession, the sale would, by force of the statute, (Gen. St. 1878, *c.* 41, §§ 15, 16,) be presumptively fraudulent and void as against the creditors of the vendor or subsequent purchasers in good faith, unless the party claiming under such sale should make it appear that the same was made in good faith, and without any intent to hinder, delay, or defraud such creditors or purchasers.

It is true that, to enable a subsequent purchaser to avail himself of this statutory presumption, it must appear that he became a purchaser in good faith. While the evidence that the mortgagee (the bank) occupied such a position was of a very general nature, it is deemed to have been sufficient to show *prima facie* that the bank took the mortgage in good faith to secure a promissory note of Comer given at the same time for the sum of $350, payable at a specified future time, in *renewal* of a former indebtedness. This shows a valuable consideration. There was also testimony given, in comprehensive terms, that this was done in good faith and without fraudulent intent. If this was in fact such an ordinary business transaction, unattended by circumstances indicative of fraud or of notice of the prior transfer, other and more direct proof of want of notice is not essential, the property being still in the possession, and apparently being still the property, of the former owner. This was so decided in *Bank of Farmington* v. *Ellis*, 30 Minn. 270, (15 N. W. Rep. 243.) Therefore the defendants and intervenor in this case should have been allowed to make proof of the foreclosure of the mortgage given by Comer, and the acquisition of title thereby. Some such proof was received. We need not stop to consider whether or not this was sufficient to show a foreclosure and sale. If it was, the court erred in directing a verdict for the plaintiff, instead of allowing the case to go to the jury; if it was not, the court erred in rejecting the further proof offered, and for this reason the learned judge properly allowed a new trial. There was other evidence in the case, be-

sides that upon which the statutory presumption rested, bearing upon the question of the good faith of the plaintiff's purchase, which should have been submitted to the jury.   We do not deem it necessary to refer particularly to this.

Order affirmed.