WILLIAM N. CUMBEY v. ARTHUR S. LOVETT and Others.

May 17, 1899.

Nos. 11,290—(12).

76    227
52LRA598n

76    227
86    102

### Replevin—Allegation of Title—General Denial—Evidence.

1. Where the plaintiff, in an action of replevin, merely alleges generally that he is the owner of the property, without setting out the source or nature of his title, the defendant may, under a general denial, prove any facts tending to rebut the allegations of the complaint, as, for example,

a special property in himself, which entitles him to the immediate possession.

## Same—Verdict—Finding of Value—Possession.

2. The rule that in replevin the value of the property shall not be found where the verdict is in favor of the party having the possession applies where his right of property is special as well as where it is general.

## Verdict Sustained by Evidence.

3. Evidence *held* to justify the verdict.

## Accord and Satisfaction—Account Books—Admission of Agent of Assignors Binding upon Assignee.

4. The defendants and the agent of plaintiff's assignors, in adjusting and settling the account of the former against the latter, examined the account as contained in the books of the defendants, and the agent admitted, and assented to, its correctness, and the parties made the settlement, and agreed on the balance due, in accordance with defendants' books. *Held*, that the admissions of the agent, thus made during the settlement, were admissible against plaintiff's assignors, claiming under an assignment made subsequent to the settlement. They were not mere admissions as to past transactions, but a part of the res gestæ, while the agent was transacting the business of his principals. Also, that, in connection with this evidence, the statement of the account, as contained in defendants' books, was admissible in evidence, although no foundation had been laid under the statute for the admission of the books.

## Possession—Lien for Advances—Charge to Jury—Exception to Charge not Specific—Burden of Proof.

5. The evidence was conclusive that plaintiff's assignors were the general owners of the property, the defendants resting their right to possession on a special property in the nature of a lien for advances. The court, at the outset of his charge, instructed the jury, in substance, that, as the property was in the possession of the defendants when the action was commenced, the presumption was that their possession was rightful, and hence that the burden was on the plaintiff to prove that he was entitled to the possession at the time of the commencement of the action. To this the plaintiff excepted, without specifying wherein it was erroneous, or asking for any more specific instruction. The objections now urged to the charge are that, in view of the state of the evidence, it amounted to an instruction that the burden was on the plaintiff to prove that the defendants had no lien for advances, and that it ignored the fact that, even if the defendants had a lien at the time the action was commenced, the plaintiff would nevertheless be entitled to recover if the lien had been discharged before trial. *Held* that, if plaintiff thought that the

instruction was liable to mislead the jury, he ought, especially in view of the manner in which the case was tried, to have called the attention of the court specifically to the grounds of his objection.

Action in the district court for Hennepin county by plaintiff, as assignee of Betty Weitzner, Dora Gruenberg and Charlotte Gruenberg, partners as Weitzner, Gruenberg & Co., to recover possession of certain cases and boxes of merchandise or for judgment for $16,144.71, the alleged value, and $3,000 damages for the detention thereof. The case was tried before Belden, J., and a jury, which rendered a verdict in favor of defendants; and from a judgment entered in pursuance of the verdict, plaintiff appealed. Affirmed.

*A. B. Jackson,* for appellant.

*Hendrix & Merritt* and *Carman N. Smith,* for respondents.

MITCHELL, J.

This action was brought by the plaintiff, as assignee or receiver of Weitzner, Gruenberg & Co., insolvents, to recover the possession of a number of cases or boxes of merchandise.

The complaint alleged, generally, that he was the owner of, and entitled to the immediate possession of, the property (describing it), and that the possession thereof was unlawfully detained from him by the defendants. The answer admitted that defendants were in possession of the property, but denied that plaintiff was the owner or entitled to the possession of any of it, or that they had ever wrongfully or unlawfully detained it from the plaintiff. After the property had been taken by the sheriff on the writ or requisition, the defendants gave a bond and retained possession of the property during the pendency of the action. Upon the trial the defendants admitted that they had received the property from Weitzner, Gruenberg & Co., but introduced evidence tending to prove that it had been consigned to them by that firm for sale on commission, under an agreement that defendants were to have a lien upon it for any advances made on it, and that they had made such advances, which remained unpaid. This evidence was admitted against the objection of the plaintiff that it was inadmissible under the pleadings. The verdict was:

"We, the jury in the above entitled action, find for the defendants upon all the issues in this action, and do hereby assess their damages for the taking and withholding the goods and chattels in controversy at the sum of one dollar."

Objection is now made to this verdict that it does not assess or find the amount of the defendants' lien or special property on the goods.

1. We shall take up these questions of pleading and practice in their order. We shall not take the time to go into any general discussion of the rules of pleading in replevin at common law or in an action of claim and delivery under the statute, but content ourselves with stating the following rules, which are settled in this state in accordance, as we think, with the general current of the decisions in other code states.

In an action of claim and delivery, the plaintiff is not required to plead specially the source of his title, or the particular facts which entitle him to the possession of the property. He may allege, generally, that he is the owner and entitled to the immediate possession, and under that prove any right of property, general or special, that entitles him to such possession. In such an action the term "owner" does not necessarily import general or absolute ownership. The action being one for the possession, it is what may be called the "possessory title" that is important. Miller v. Adamson, 45 Minn. 99, 47 N. W. 452. Where the plaintiff merely alleges that he is the owner, without pleading the source of his title, the defendant, under a general denial, may prove any facts which tend to rebut the allegations of the complaint,—that is, which tend to show that the plaintiff is not entitled to the possession; as, for example, that the "possessory title," and consequently the right of possession, is in the defendant himself or in a third party. This proposition would seem to follow necessarily and logically from the first. This has been uniformly accepted or recognized by this court, by both decision and dictum, as the correct rule. See McClelland v. Nichols, 24 Minn. 176; Furman v. Tenny, 28 Minn. 77, 9 N. W. 172; Johnson v. Oswald, 38 Minn. 550, 38 N. W. 630; King v. La Crosse, 42 Minn. 488, 44 N. W. 517; Mullen v. Noonan, 44 Minn. 541, 47 N. W. 164; Bassett v. Haren, 61 Minn. 346, 63 N. W. 713; Miller v.

Adamson, supra; Aultman & Taylor Co. v. O'Dowd, 73 Minn. 58, 75 N. W. 756.

2. The provisions of G. S. 1894, § 5383, dispose of the point that the verdict should have found the value of defendants' special property. The facts of this case do not bring it within either of the cases where the statute requires the value of the property to be assessed. The verdict was in favor of the party having possession of the property, in which case the statute expressly provides the value thereof shall not be found. This applies whether the property of the party in whose favor the verdict is, is general or special. The value of the property (which in the case of a special property is the value of the special interest) is only required to be found where the party in whose favor the verdict is, is entitled to an alternative judgment for the value in case the property itself cannot be returned. Upon the facts of the present case, the defendants are entitled only to judgment for the possession. The amount or value of their special property is immaterial, because they are entitled to the possession of the whole property until their lien is fully paid. Leonard v. Maginnis, 34 Minn. 506, 26 N. W. 733.

3. Plaintiff's next contention is that the verdict was not justified by the evidence.

The defendants were doing what may be termed a "merchandise commission business," consisting principally of selling on commission stocks of goods, generally what are called "made-up stocks," consigned to them by others. The insolvents Weitzner, Gruenberg & Co., were carrying on a general merchandise business in Minneapolis. The claim of the plaintiff was that Weitzner, Gruenberg & Co. transferred or consigned these goods to the defendants with the intent and for the purpose of defrauding their creditors, and that the defendants were parties to, or at least cognizant of, the fraud. Or, to be more explicit, his claim is that Weitzner, Gruenberg & Co. were engaged in the fraudulent scheme of buying large quantities of goods on credit, and then running them off and converting them into cash as fast as possible, pocketing the proceeds, and then making a fraudulent failure, and thus defrauding those from whom they bought the goods; and that the defendants knowingly acted as a "fence," to enable Weitzner, Gruenberg & Co. to

carry out their fraudulent scheme, or, at least, that they were chargeable with notice of the fraud when they dealt with the goods. The further claim is made that, even if the defendants acted in good faith, they have failed to prove that they had a lien on the goods for any amount; that, on the contrary, it affirmatively appears that they had been fully repaid all their advances.

The trial of the case in the court below occupied nearly 60 days, and, as a consequence, the record is enormously bulky; making a paper book of over 1,800 folios of oral testimony, besides almost half a cartload of books of account and other exhibits. After performing the very laborious task of reading the entire paper book, and getting what light we could from the books of account and other exhibits, we have arrived at the conclusion that we should not be warranted in disturbing the verdict on the ground of the insufficiency of the evidence. In cases of this kind, the evidence of fraud, and of notice of it, is so largely circumstantial, the exact bearing of each circumstance, and of the weight to be given to it, depending so much upon its relation to, and connection with, various other facts, that it would be impossible to discuss and analyze the mass of evidence in this case; and we shall not attempt it, but content ourselves with merely stating the general impressions which its perusal has made upon us.

In view of the subsequent conduct of Weitzner, Gruenberg & Co. in making a fraudulent sale of their whole stock of goods, and then absconding from the state without paying their debts, the evidence is practically conclusive that their consignment of the goods in controversy to the defendants was a part and parcel of a scheme to defraud their creditors. There were some things connected with defendants' mode of conducting their business—as, for example, crediting some of the consignments to fictitious names—which, if not explained, would tend to indicate that they were conscious that there was something illegitimate. Defendants gave their explanations. How satisfactory they were was for the jury. There was also evidence tending to show that, in view of the quantity of goods which Weitzner, Gruenberg & Co. were consigning for sale on commission, the defendants should, at least, have been put on inquiry as to their purpose in doing so. But there is some evidence

that it is not uncommon for merchants, when they have on hand a quantity of goods which they do not wish to keep, to fix up these "made-up" stocks and send them to a commission house for sale. It also appears that Weitzner, Gruenberg & Co., whose business seems to have been of a rather miscellaneous nature, had been in the habit, for nearly a year and a half before their failure, of consigning such stocks to the defendants. There was evidence of conduct on the part of Davis (defendants' general manager), after the failure of Weitzner, Gruenberg & Co., which would seem inconsistent with a consciousness of entire good faith on his part; but most of this evidence he denied or explained or attempted to explain. It is also to be noted that, in the case of several of the witnesses for the plaintiff, notably the witness Gennis, who testified to the most damaging acts or statements of Davis, things appeared which were calculated to impair their credit.

If the verdict had been the other way, we would no doubt have held that it was justified by the evidence. But conceding that the preponderance of the evidence is that the defendants had notice, or were chargeable with notice, of the fraudulent intent of Weitzner, Gruenberg & Co., it was certainly not conclusive, so that the trial court could have directed a verdict in favor of the plaintiff. There are cases where, although there is some evidence to support the verdict, yet it is so manifestly and palpably against the weight of the evidence that this court would hold that it was an abuse of discretion on the part of the trial court to refuse to set the verdict aside and submit the case to another jury. But an appellate court should do this very sparingly, and only in extreme cases, and we do not think that we should be justified in reversing this case on that ground. The same is true as to the issue whether anything was due to defendants for advances for which they had a lien on the goods.

4. The testimony of defendant Lovett, as to the settlement and adjustment of the accounts between defendants and Weitzner, Gruenberg & Co., had by the witness with Abram Weitzner, and as to the latter's admissions, on that settlement, as to the correctness of certain charges of the defendants for advances, was competent.

Abram was the general manager of Weitzner, Gruenberg & Co., —"what he said was law." Defendants had all their dealings with him. In all the transactions between the two firms, he alone represented Weitzner, Gruenberg & Co. The evidence tended to show that Abram had full authority to settle and adjust the accounts between the two houses. The substance of the evidence, of the admission of which the plaintiff complains, was that, in making this adjustment and settlement of the accounts, Lovett and Abram examined the account as entered on defendants' books, and agreed that it was correct, and on that basis arrived at an agreed balance due the defendants. This was not mere admission by the agent as to past transactions, but a part of the res gestæ, while the agent was transacting the business of his principal, within the scope of his agency.

5. Whether or not a foundation was laid under the statute for the admission of the account between the two firms, as entered in defendants' books of account, it is unnecessary to consider. The account itself was clearly admissible, when taken in connection with the testimony of Lovett that it was examined by himself and Abram Weitzner, found correct, and an adjustment and settlement of the account agreed to on that basis. The character or reliability of the books generally was not involved.

6. Several objections are urged against the charge of the court, but the only one which we deem it necessary to consider is the one which goes to the instructions to the jury as to the burden of proof.

At the outset of a long and quite clear charge, the court, after stating that the action was one to recover possession of the goods, and that the question for the jury to determine was which party was, at the time of the commencement of the action, entitled to the possession, said:

"It is conceded that this property, before it came into the possession of the defendants, belonged to the plaintiff's assignors, Weitzner, Gruenberg & Co., and Weitzner, Gruenberg & Co. transferred the possession to the defendants. * * * Under this state of the evidence, the possession of the goods, at the time of the service of the writ, would be presumed to be rightfully in the defendants, and, until the contrary was shown, would entitle the defendants to hold the property. So that the burden rests upon the plain-

tiff to establish, by a fair preponderance of all the evidence in the case, circumstantial as well as direct, that he, as assignee of Weitzner, Gruenberg & Co., had a right to such possession at the time the property was taken by the officer on this writ."

The court then proceeded at length to call the attention of the jury as to the evidence bearing upon, and of the law applicable to; the case, but devoting himself largely to the question of fraud which had been made the most prominent issue on the trial; but in the course of the charge he instructed the jury, in substance, that if, upon careful consideration of all the evidence, they were satisfied that the merchandise was received and sold by the defendants on commission, as they claim, and they made advances thereon, and that, as a result of all such business, there was a balance due the defendants at the time the merchandise was taken on the writ, they then had a valid lien on the property, and were entitled to a verdict, unless they (the jury) should find that the defendants were guilty of fraud; but, if they did not find any balance in favor of the defendants, their verdict must be for the plaintiff, and "here your duty will end."

After the close of the charge, counsel said: "The plaintiff excepts to the following portions of the charge,"—enumerating ten separate and distinct portions of the charge, including that first above referred to, but without specifying wherein they were erroneous (except one, which is not now under consideration), or requesting any other or more specific instructions on the subject.

The objections now urged are—First, that, in view of the fact that the evidence was undisputed that Weitzner, Gruenberg & Co. were the general owners of the property, the portion of the charge referred to was erroneous, because it, in effect, instructed the jury that the burden was on plaintiff to prove that the defendants had no lien,—in other words, that there was nothing due them for advances; second, that it was erroneous, in that it wholly ignored the principle that, even if the defendants had a lien at the commencement of the action, yet, if that lien had been discharged before trial by sale of the goods for a price in excess of the lien, the plaintiff would be entitled to recover the excess.

It seems clear to us, in view of the entire charge, that the court

never intended to instruct the jury that, even if it was proved that Weitzner, Gruenberg & Co. were the general owners of the property, it was still incumbent on the plaintiff, in order to make out a prima facie case, to go further, and prove affirmatively that nothing was due the defendants for advances. Evidently all that the court meant was to state the proposition that, the property being found in the peaceable possession of the defendants at the commencement of the action, the presumption was that it was rightfully so, until the contrary appeared from the evidence, and hence the burden was on the plaintiff to prove that he was entitled to the possession. This was undoubtedly correct, although, in view of the evidence, it may not have had any particular application to the issue as to defendants' lien. It certainly was pertinent on the issue of fraud. We are of opinion that, if plaintiff's counsel thought that the instruction was liable to be misunderstood by the jury in the way he now suggests, he ought to have called the attention of the court to the specific point, or requested a more specific instruction with reference to the burden of proof as to the existence of defendants' lien, in view of the state of the evidence, and not rested on a mere general exception, without assigning any reason or specifying the point of his objection.

The same is true as to the second objection. The case was tried throughout upon the issues of fraud, and the existence or nonexistence of a lien in favor of the defendants at the date of the commencement of the action. We have been unable to find anywhere in the record any suggestion that, if a lien existed at that date, it had been subsequently discharged. The attention of the court was nowhere called to such a question. No allusion to it was made in the charge of the court, and counsel never asked for any instructions with reference to any such phase of the case.

We have not overlooked the numerous other assignments of error, but we find nothing in them of sufficient substance to require special notice.

Judgment affirmed.