### GEORGE WALKER v. E. L. WARD.[1]

June 5, 1908.

Nos. 15,642—(65).

**Error to Direct Verdict.**

In this action of claim and delivery the defendant in his answer justified the seizure and detention of the property as sheriff by virtue of an execution against a third party, who it was alleged had an interest therein. The trial court, upon the evidence, directed a verdict for the plaintiff. *Held* error.

Action in replevin in the district court for Sherburne county to recover from the sheriff thereof certain potatoes. The case was tried before Giddings, J., who directed the jury to return a verdict in favor of plaintiff. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*H. S. Locke,* for appellant.

*J. D. Sullivan,* for respondent.

START, C. J.

Action of claim and delivery. The plaintiff in his complaint alleged generally, without disclosing the source of his title, that he was the owner of a certain quantity of potatoes and entitled to the possession thereof, but that the defendant detained the possession thereof from him. The answer justified the taking and detention of the potatoes by virtue of a writ of execution upon a judgment for $236.77 against a third party, Howard Walker, which was duly issued and delivered to the defendant as sheriff, and alleged that by virtue thereof he levied upon and was holding the potatoes at the time of the commencement of the action, and, further, that the potatoes were then the property of Howard Walker. The reply was a general denial of the new matter alleged in the answer. On the trial, at the close of the evidence, the trial judge directed a verdict for the plaintiff for the possession of the potatoes. The defendant appealed from an order denying his motion for a new trial.

[1] Reported in 116 N. W. 647.

On the trial it was admitted that the potatoes were raised upon a farm of which the plaintiff was the owner, and had been for twelve years; that the farm had been occupied for some eight years by the plaintiff's son, Howard Walker, the judgment debtor; that he raised the potatoes in question thereon; and that they were of the value of $560. It was, however, claimed on the trial by the plaintiff that his son Howard and his wife lived on and worked the farm for him, pursuant to a written contract between the parties, as his employees, for the agreed wages of $300 per year, with the right to keep their horses, cows, hogs, and chickens on the farm, and have what they could make out of them, but the son was to furnish the teams and machinery to carry on the farm for the plaintiff, and that the potatoes in question were raised on the farm pursuant to such contract; hence he was the absolute owner thereof. The defendant's contention was to the effect that the evidence was sufficient to justify the jury in finding that the written contract did not express the real contract between the parties, but that it was a device to defraud the creditors of the son; that the son was not occupying the farm as his father's employee and agent, but that their relation was that of owner or renter and cropper or tenant of the farm; and that when the levy was made on the potatoes the son had an interest therein to the extent of $300 at least; and, further, that the written contract was in the nature of a chattel mortgage, which was void because it was not acknowledged, nor was it filed within the year that the crop was raised. This last claim is not here relevant, for the plaintiff does not claim any lien upon any alleged interest of the judgment debtor in the potatoes, but his claim is that he was the sole and absolute owner of the whole thereof.

The question, then, is whether the trial judge should have submitted to the jury the question whether the judgment debtor had any title to or interest in the potatoes at the time they were levied upon by the defendant. If the undisputed evidence was conclusive in favor of the plaintiff on this question, a verdict for the plaintiff was rightly directed; but if there was any evidence, direct or circumstantial, tending to show that the judgment debtor had an interest in the potatoes, then the question should have been submitted to the jury. The fact that the title to the land on which the potatoes were raised was in the

plaintiff was material evidence; but it was not of controlling impor-
tance, for the title to land may be in one person and the crops raised
thereon in another party. Hossfeldt v. Dill, 28 Minn. 469, 10 N. W.
781. Nor is the fact that the written contract shows on its face that
the relation of the plaintiff and the judgment debtor was that of em-
ployer and employee, and that each of them testified, in general terms,
to the effect that the father was the owner of the potatoes and that
the son had no interest therein, necessarily conclusive of the ques-
tion at issue, if the acts of the parties and the circumstances attend-
ing the transaction, as shown by the evidence, were such that rea-
sonable and impartial men fairly might draw different conclusions
therefrom.

Upon a consideration of the whole evidence we are of the opinion
that, while this is a border case, the acts of the parties and the cir-
cumstances of the case required the submission of the question to the
jury. There was evidence tending to show that the son had been in
possession of the farm and carrying it on for several years prior to
May, 1905; that he furnished at his own cost all teams, tools, and
machinery necessary to farm the land; that he kept thereon such
cows, horses, hogs, and chickens as he saw fit, and retained the profits
therefrom; that he hired and paid all necessary help to carry on the
farm, sold all the products of the farm at such times and for such
prices as he saw fit, and out of the proceeds thereof retained for him-
self the amount of the disbursements made by him and $300, his al-
leged wages, and accounted to the plaintiff for the balance; and,
further, that while he was so in possession of the farm, and on May
6, 1905, and seven days before the judgment upon which the execu-
tion was issued was entered, the plaintiff and his son entered into a
written contract, which was filed, to the effect that the son and his
wife should work for the plaintiff on the farm, describing it, com-
mencing April 1, 1905, and that the plaintiff should pay them the sum
of $300 per year; that the plaintiff then knew that his son was in
debt, and "getting a little back—behind," and he "thought it best to
fix it up." The inference to be drawn from the circumstances of the
case and the acts of the parties, considered in connection with their
testimony, would depend largely upon their credibility, which is or-

dinarily a question for the jury. As there must be a new trial, we refrain from discussing the evidence.

With reference to such trial it is proper to say that it was not necessary for the defendant to specially plead that the plaintiff's claim of title to the property was fraudulent, for the source of his title was not disclosed in the complaint. The rule in such cases is that where, in an action of replevin, the complaint discloses the source of the plaintiff's title, if the defendant wishes to attack it as fraudulent, he must plead the fraud; but if the complaint is silent as to the source of the plaintiff's title the rule is otherwise. Livingstone v. Brown, 18 Minn. 278 (308); Tupper v. Thompson, 26 Minn. 385, 4 N. W. 621; Furman v. Tenny, 28 Minn. 77, 9 N. W. 172; Kenney v. Goergen, 36 Minn. 190, 31 N. W. 210.

Order reversed, and new trial granted.