**LEGISLATURE: LIEUTENANT GOVERNOR: INCOMPATIBLE OFFICES:** Last elected president of state senate becomes lieutenant governor as a result of vacancy in that position; strong argument can be made president of senate cannot simultaneously serve as state senator and lieutenant governor in light of lieutenant governor's executive branch functions. Minn. Const. art. IV §§ 5, 15, art. V §§ 3, 5 (2017); Minn. Stat. §§ 3.05, 4.04, subd. 2, 9.011, 15B.03 (2016).

280k



# STATE OF MINNESOTA

### OFFICE OF THE ATTORNEY GENERAL

December 21, 2017

SUITE 1100
445 MINNESOTA STREET
ST. PAUL, MN 55101-2128
TELEPHONE: (651) 282-5700

Ms. Kimberly Slay Holmes                    *Via Email and U.S. Mail*
General Counsel to Governor Mark Dayton
130 State Capitol
75 Rev. Dr. Martin Luther King Jr. Blvd.
St. Paul, MN  55155

Dear Ms. Holmes:

I thank you for your letter dated December 12, 2017.

## BACKGROUND

On December 7, 2017, United States Senator Al Franken announced his intention to resign as a United States Senator. Minnesota Statutes Section 204D.28, subdivision 11 provides that, in the event of a vacancy in the Office of United States Senator for Minnesota, the Governor may appoint a successor to fill the vacancy. On December 13, 2017, Governor Mark Dayton announced that he intended to appoint Lieutenant Governor Tina Smith to fill the vacancy created by Senator Franken's resignation. The appointment of Lieutenant Governor Smith would create a vacancy in the position of lieutenant governor.

Article V, Section 5 of the Minnesota Constitution states that the "last elected presiding officer of the senate shall become lieutenant governor in case a vacancy occurs in that office." Senator Michelle Fischbach is the President of the Minnesota Senate. Shortly after Governor Dayton announced his intention to appoint Lieutenant Governor Smith to the United States Senate seat, Senator Fischbach stated that she will hold both the position of senator and lieutenant governor. She refers to a recent opinion issued by Senate Counsel, which relies on an 1898 decision of the Minnesota Supreme Court discussed below. On December 13, 2017, Senator Fischbach stated: "I've been told by Senate Counsel the Minnesota Constitution allows the Senate President to serve both roles so that's what I plan to do for the remainder of Gov. Dayton's term."

In contrast, Governor Dayton argues that Senator Fischbach cannot simultaneously hold both positions. The Governor refers to a provision of the Minnesota Constitution that prohibits one person from holding two offices in different branches of government. At his December 13, 2017 news conference announcing his intention to appoint Lieutenant Governor Smith to the United States Senate seat, Governor Dayton said: "I am told by my in-house legal counsel that the constitution and the state statutes are clear that the . . . president of the senate becomes the lieutenant governor and that she cannot hold two offices simultaneously."

Senate Majority Leader Paul Gazelka states that he requested Governor Dayton to seek a legal opinion from the Attorney General's Office regarding this matter.[1] Article V, Section 3 of the State Constitution provides that the Governor "may require the opinion in writing of the principal officer in each of the executive departments upon any subject" relating to their duties. On behalf of the Governor—and in accordance with the request of the Senate Majority Leader—you ask for a legal opinion from this Office regarding two questions arising out of the Governor's appointment of the Lieutenant Governor to fill a vacancy in the position of United States Senator from Minnesota. Specifically, you ask whether under the Minnesota Constitution (1) the last elected president of the state senate becomes lieutenant governor as a result of a vacancy in the position of lieutenant governor; and (2) if she becomes lieutenant governor, the president of the senate can simultaneously serve as state senator and lieutenant governor.

## LEGAL ANALYSIS

As noted above, Article V, Section 5 of the Minnesota Constitution states that the "last elected presiding officer of the senate shall become lieutenant governor in case a vacancy occurs in that office." Accordingly, the answer to your first question is that the president of the senate becomes lieutenant governor if there is a vacancy in that office.

As to your second question, in 1898, the Minnesota Supreme Court considered whether an individual may simultaneously serve as a state senator and lieutenant governor. *State ex rel. Marr v. Stearns*, 75 N.W. 210 (Minn. 1898), *rev'd on other grounds sub nom. Stearns v. State of Minn.*, 179 U.S. 223 (1900). The case involved Governor Knute Nelson who resigned to become a United States Senator. *Id.* at 211. Pursuant to the provisions of the Minnesota Constitution in effect at that time, Lieutenant Governor David Clough became governor, and the president pro tempore of the senate, Senator Frank Day, became lieutenant governor. *Id.* For the remainder of the legislative session, Mr. Day simultaneously served as lieutenant governor and state senator. *Id.*

In 1898, the position of lieutenant governor had no executive branch responsibilities. *Id.* at 213. Rather, as ex officio president of the senate, the lieutenant governor's sole constitutional duties were "to preside over the senate" and "to authenticate by his signature the bills passed by the senate." *Id.* at 211, 213.

A lawsuit was filed challenging Mr. Day's ability to be a state senator at the same time he was lieutenant governor. The Court concluded that Mr. Day could serve simultaneously in both positions. *Id.* at 212–14. The Court found no language in the Minnesota Constitution that "imperatively require[d]" Mr. Day to vacate his senate seat. *Id.* at 213. The Court reasoned that a contrary conclusion "cannot be sustained without disregarding both the letter and spirit of the

---

[1] Minnesota Senate Republicans (@mnsrc), Twitter (Dec. 14, 2017, 2:27 p.m.), https://twitter.com/mnsrc/status/941434602614415361 (video of Senate Majority Leader Gazelka stating, "I think Senator Fischbach has the right to do both just like it's been done in the past, but that's what we're gonna have to wait and see. I did ask the Governor to get an opinion from the Attorney General, he agreed that that's a good idea. We're waiting for that.")

constitution, when considered as a whole, and without adopting a construction well calculated, when party strife and spirit are intense, to disturb the public peace and order." *Id.* at 212.

The Court also determined that the Minnesota Constitution recognized "the fact that a senator may be a lieutenant governor" because the Constitution prohibited the lieutenant governor from acting "as a member of the court" during an impeachment trial against a governor. *Id.* at 214 (citing Minn. Const. art. XIII, § 4). The Court reasoned that only senators can act as members of the court in an impeachment trial, so "[t]his prohibition would be wholly unnecessary, except upon the assumption that a senator did not vacate his office on becoming lieutenant governor." *Id.* The provision referred to by the Court was removed from the State Constitution in 1974 because it was believed to be "obsolete" and/or "inconsequential." *See* Minn. Const. art. VIII (1976); Minnesota Constitutional Study Commission, Final Report at 14, 47, https://www.leg.state.mn.us/docs/2012/mandated/120607.pdf (last visited December 21, 2017); Statement of Purpose and Effect of Amendment No. 1 - Revise Organization and Language of Constitution, Finance and Commerce, Oct. 18, 1974 at 5 (same); *see also* 1974 Minn. Laws ch. 409 at 801 (legislation placing constitutional amendment on ballot).

You note that Article IV, Section 5 of the Minnesota Constitution states that "[n]o senator or representative shall hold any other office under the authority of the United States or the state of Minnesota, except that of postmaster or of notary public." This or a similar provision has been in the State Constitution since its ratification by Congress in 1858.[2] The 1898 opinion of the Supreme Court concluded that this provision was not violated by the state senator who simultaneously served as lieutenant governor. In so doing, the Court reasoned in part as follows:

> It is obvious that this section of the constitution does not, explicitly or otherwise, make the offices of lieutenant governor and senator incompatible, or a senator ineligible to the office of lieutenant governor during the term for which he was elected; for it is otherwise expressly provided by the constitution, —that a senator who is president pro tempore shall become lieutenant governor in case of a vacancy. Indeed, this particular section has but little relevancy to the question under consideration, except to emphasize the necessity of construing the several provisions of the constitution as a harmonious whole, and not each section by itself.

*Marr*, 75 N.W. at 214.

---

[2] In 1858, as well as at the time of the *Marr* decision, the Constitution stated in relevant part:

> No senator or representative shall, during the time for which he is elected, hold any office under the authority of the United States, or the state of Minnesota, except that of postmaster ....

Minn. Const. art. IV, § 9 (1858); *Marr*, 75 N.W. at 211, 214.

A related and longstanding common law doctrine in Minnesota prohibits a public official from holding two offices that are factually "incompatible" with each other. *See, e.g., Kenney v. Goergen*, 31 N.W. 210, 211 (Minn. 1886). Public offices are incompatible under the common law "when their functions are inconsistent, their performance resulting in antagonism and conflict of duty, so that the incumbent of one cannot discharge with fidelity or propriety the duties of both." *State ex rel. Klitzke v. Indep. Consol. Sch. Dist. No. 88*, 61 N.W.2d 410, 419 (Minn. 1953). In *Marr*, the Supreme Court reasoned that its opinion (that the state senator could simultaneously serve as lieutenant governor) was "further supported by the character of the duties of lieutenant governor and the president pro tempore," which at that time were "identical." *Marr*, 75 N.W. at 213. As noted above, the lieutenant governor's sole constitutional duties in the 1890s were to preside over the senate and to authenticate the bills passed by the senate. *Id.* The Court stated that the lieutenant governor's classification as an executive branch official "is simply one of convenience" as *"he is not authorized to exercise a single power or perform a single duty . . . properly belonging to the executive department." Id.* (emphasis added).

The duties of the lieutenant governor have changed since 1898. In 1972, the State Constitution was amended to provide that the lieutenant governor is no longer the ex officio president of the senate. *See* Minn. Const. art. V, § 6 (1973); *see also* 1971 Minn. Laws ch. 958, § 2, at 2034 (legislation placing constitutional amendment on ballot). An Executive Branch Committee Report in November, 1972 stated that if the constitutional amendment was adopted (which it was), "the lieutenant governor would become a purely executive officer without legislative functions." Minnesota Constitutional Study Commission, Executive Branch Committee Report at 3, https://www.leg.state.mn.us/docs/2012/mandated/120607.pdf (last visited Dec. 21, 2017). The Report further stated that "[t]he lieutenant governor would then be in a position to be a full-time member of the executive branch of state government" and "the duties of the office could be substantially increased by the legislature or by the governor through executive order." *Id.* at 5.

It is no longer the case today, as the Supreme Court found it was in 1898, that the lieutenant governor performs no duties "belonging to the executive department." Although the lieutenant governor still calls the senate to order at the beginning of each session, Minn. Stat. § 3.05, the senate now elects its own presiding officer. Minn. Const. art. IV, § 15. In 1973, the lieutenant governor was designated as a member of the Executive Council,[3] 1973 Minn. Laws ch. 394, § 1, at 858 (codified as Minn. Stat. § 9.011), and in 1974 was made the chair of the Capital Area Architectural and Planning Board, 1974 Minn. Laws ch. 580, § 4, at 1442 (codified as Minn. Stat. § 15B.03). In addition, a law enacted by the Legislature in 1971 states that "[t]he governor may delegate to the lieutenant governor such powers, duties, responsibilities and functions as are prescribed by law to be performed by the governor" as long as they are not specifically imposed upon the governor by the Constitution. 1971 Minn. Laws ch. 949, § 1, at 1981 (codified as Minn. Stat. § 4.04, subd. 2).

---

[3] The other members of the Executive Council are public officials in the executive branch of government: the Governor, Attorney General, Secretary of State, and State Auditor. Minn. Stat. § 9.011, subd. 1.

Subsequent to these changes in Minnesota law, in 1976 Lieutenant Governor Rudy Perpich filled a vacancy in the office of the governor, and in turn, the then-presiding officer of the senate, Alec Olson, became lieutenant governor. In a memorandum dated December 17, 1976, the Minnesota Attorney General's Office advised Mr. Olson to resign from the Senate upon taking the oath of office as lieutenant governor, noting that the "rationale of [*Marr*] is sufficiently weak to raise serious doubts as to whether it would be adopted by the Court if the issue were presented to it again." *Id.* at 1 n.1. Mr. Olson then resigned from his position as a state senator upon becoming lieutenant governor. Minnesota Legislative Reference Library, *Minnesota Lieutenant Governors, 1858-present*, https://www.leg.state.mn.us/lrl/mngov/ltgov (last visited Dec. 21, 2017).[4]

The current responsibilities of the lieutenant governor are therefore materially different than they were in 1898 and involve powers exercised by the executive branch of government. Unlike in 1898 when *Marr* was decided, the lieutenant governor is now expressly charged by statute with executive branch functions, including service on the Executive Council, and may be delegated executive branch responsibilities directly by the governor. *See supra* at 4–5. *See also State v. Victorsen*, 627 N.W.2d 655, 662–63 n.2 (Minn. App. 2001) (concluding that "changes in relevant statutes" warranted a different conclusion from the one rendered in the court's prior precedent). Under the current constitutional and statutory framework, potential conflicts exist if the same individual were to fulfill both executive and legislative responsibilities (*e.g.*, if the lieutenant

---

[4] Prior to the changes in the duties of the lieutenant governor, some state senators who filled a vacancy in the office of lieutenant governor or took the title "acting lieutenant governor" continued to simultaneously serve as a state senator, at least briefly. For example, President Pro Tempore of the Senate Charles Adams became lieutenant governor in late June or early July 1929, when Lieutenant Governor William Nolan resigned after being elected to the United States House of Representatives. Mr. Adams continued to serve as a state senator, but the senate never met in session during Mr. Adams's term as lieutenant governor. *Id.*; Minnesota Legislative Reference Library, *Adams, Charles Edward "Chas., Charlie,"* https://www.leg.state.mn.us/legdb/fulldetail?ID=10842 (last visited Dec. 21, 2017).

President Pro Tempore of the Senate William Richardson served as "Acting Lieutenant Governor" from late August 1936 to early January 1937, after Governor Floyd B. Olson died, and Lieutenant Governor Hjalmar Petersen became governor. Mr. Richardson was never sworn in as lieutenant governor and voted as a member of the senate throughout an extra session that was convened in December 1936. *Minnesota Lieutenant Governors, 1858-present*; Sen. Journal, Extra Sessions 1936-1937, December 17–23, 1936, at 4–98.

President Pro Tempore of the Senate Archie Miller was sworn in as lieutenant governor on May 6, 1943, after Governor Harold Stassen resigned, and Lieutenant Governor Edward Thye became governor. Mr. Miller resigned from the senate four days after being sworn in as lieutenant governor. The senate was not in session during this four-day period. *Id.*; Minnesota Legislative Reference Library, *Sessions of the Minnesota State Legislature and the Minnesota Territorial Legislature, 1849-present*, https://www.leg.state.mn.us/lrl/history/sessions (last visited Dec. 21, 2017).

governor in a legislative capacity considers whether to vote in favor of legislation proposed by the governor or whether to override the governor's veto of legislation).[5]

The simultaneous discharge of executive and legislative branch functions implicates the incompatibility doctrine, as well as principles of separation of powers. Any dispute regarding the lieutenant governor exercising these dual functions under current law can ultimately only be resolved by judicial decision. Having said that, for the reasons discussed above, a strong argument can be made that the 1898 decision of the Minnesota Supreme Court in *Marr* does not control the outcome of this dispute in light of the subsequent changes to the duties of the lieutenant governor.[6]

Very truly yours,

ALAN I. GILBERT
Solicitor General

(651) 757-1450 (Voice)
(651) 282-5832 (Fax)

cc:     The Honorable Paul Gazelka, Senate Majority Leader, *via Email and U.S. Mail*
        The Honorable Michelle Fischbach, President of the Senate, *via Email and U.S. Mail*
        The Honorable Thomas Bakk, Senate Minority Leader, *via Email and U.S. Mail*

---

[5] I also note that the vacancy in the office of lieutenant governor in this particular situation is not "temporary." *See Marr*, 75 N.W. at 214 (recognizing that vacancy in the office of lieutenant governor could be "temporary"). It is publically reported that Governor Dayton expects to appoint Lieutenant Governor Smith to the United States Senate in early January 2018, at which time the vacancy in the office of lieutenant governor would occur. Thus, the remaining term of the lieutenant governor's position will be for a time period of approximately one year during which the entirety of the 2018 legislative session will take place. Sen. Journal, May 22, 2017, at 6101; House Journal, May 22, 2017, at 7022 (providing that 2018 legislative session commences on February 20, 2018).

[6] A similar conclusion was reached in an opinion that Senate Counsel provided to the then-President of the Senate Alec Olson in November 1976. Senate Counsel recognized that subsequent to the Supreme Court's 1898 decision, changes had been made to the lieutenant governor's duties. He therefore concluded that "[i]n view of this change in the character of the lieutenant governor's duties, the Minnesota Supreme Court, if again faced with the question, would have some justification for ruling that the presiding officer of the Senate can no longer retain his Senate seat upon the occurrence of a vacancy in the office of lieutenant governor." *Id.* at 4.