GILMORE & SMITH V. FERGUSON & CASSELL.

## I. Per CURIAM.

1. **Usury:** CONTRACT TO PAY ON TIME : IN PROPERTY. One man may lawfully ask and receive, from another to whom he sells property on time, a larger sum than he is willing to take for it in case the price is paid down; and the fact that the increased price, payable at a future day, or in installments, is more than the legal interest on the cash price, would not render the contract usurious.

2. —— RULE APPLIED. Where one sold to another a lot of sheep on time, under a contract that, until the payment of a certain sum at a future date named, which was found by the jury to be the value of the sheep at the date of the contract, the purchaser should, in addition thereto, pay and deliver to the seller, in the mean time, one and one-half pounds of wool per head annually, — it was *held*, that the contract was not usurious, though the annual amount of wool reserved greatly exceeded in value the legal rate of interest allowed by the statute, and though the jury found by their special verdict that the wool thus annually reserved was not part of the price, but for interest.

3. —— *Aliter*, if it had appeared that this form of the contract was resorted to as a cover for usury, or for the purpose of evading the usury laws.

II. Per BECK, J., dissenting.

4. —— It appearing from the special verdict of the jury that the wool annually reserved was not part of the price of the sheep, but for interest, the contract is usurious, and should be so declared, though no special intent to evade the usury laws was found. The law presumes the intent.

*Appeal from General Term Sixth District, Jasper.*

FRIDAY, OCTOBER 22.

ACTION upon a sheep contract. The defendant Cassell was alone served with notice. Defense, usury. There was a trial to a jury, who returned a special verdict, on which the court rendered a judgment sustaining the defense. The plaintiffs appeal. The further facts are stated in the opinion.

*Seevers & Cutts* for the appellants.

*Phillips, Gatch & Phillips* for the appellee.

COLE, J.—This suit is brought upon the following contract, to wit: "Received, October 12th, 1863, of W. Gilmore and L. Smith, of Iberia, Morrow County, Ohio, one hundred and ninety-six sheep, to keep on the shares, from one to four years, on the following terms: we, or either of us, promise to pay said W. Gilmore and L. Smith one and one-half pounds of wool per head annually until paid for. The wool to be about three-quarters blood, well washed on the sheep's back, put up in good merchantable order and delivered at Pella, sometime between the fifteenth of June and the fifteenth of July annually until paid for; and, at the expiration of said time, we, or either of us, promise to pay said W. Gilmore and L. Smith, three dollars per head for the aforesaid sheep, or if we, or either of us, pay said W.

<div style="margin-left:2em; font-size:small;">1. USURY: contract to pay on time: in property.</div>

Gilmore and L. Smith three dollars per head at the end of any one year, between the fifteenth of June and the first of August, after the annual amount of wool is delivered, then this article is to be null and void and of no effect. Said W. Gilmore and L. Smith will not be responsible for any disease that may originate among the above sheep after delivery. This article will be considered due at the end of any one year, if the annual amount of wool is not paid. (Signed) Milton Ferguson, John H. Cassell."

The breach alleged in the petition was the failure to deliver the annual amount of wool between the fifteenth day of June and the fifteenth day of July, 1867. The plaintiffs asked judgment for two hundred dollars for the wool due that year, and for fifteen hundred dollars for amount due upon the contract.

The defendant Cassell was alone served with notice of the suit, and he filed his answer in denial; also, that he was but surety for Ferguson, who had paid the annual amount of wool for the years 1864, 1865 and 1866, worth, at the time of delivery, $747.40; and also, that the contract was made in Iowa, and was usurious.

The cause was tried to a jury, who, by consent of parties, returned, as their verdict, answers to certain questions, substantially as follows : 1. That the actual value of the sheep, at the date of the contract, was three dollars per head; 2. That the one and a half pounds of wool, mentioned in the contract, was not part of the price, but was for interest; 3. That the market price of wool, at the time and place of making the contract, was sixty cents per pound; 4. That at the time of payment, in 1864, wool was worth ninety cents per pound — total value, $264.60; 5. In 1865, fifty-five cents — total, $161.70; 6. In 1866, fifty cents—total, $107.00; 7. And that in 1867, when it should have been paid, wool was worth thirty cents per pound; 8. That Ferguson did

Gilmore & Smith v. Ferguson & Cassell.

deliver the wool, as called for by the contract, in 1864, 1865 and 1866, and the total value of it all was $573.30; 9. That, if the contract was not usurious, plaintiff was entitled to recover upon it, $726.51; and, 10. That, if it was usurious, plaintiff was entitled to recover $14.70.

Upon this special verdict, the District Court held the contract usurious, and rendered judgment accordingly. This holding is assigned as error, and is the only question made in the case.

Upon the contract itself (aside from any evidence tending to show usury), there can be no serious claim made that it is usurious. Nor would the proof that the pound and a half of wool was worth, at the time of delivery each year, more than legal interest upon the value of the sheep, make the contract usurious; for, since its value was uncertain and might be less than legal interest, the fact that it was more would not make it usurious; and this, although the pound and a half of wool for each sheep may have been stipulated for as interest, as the jury have found. That is to say, one man may rightfully sell his property to another for a certain sum in money down; or he may ask and receive a much larger sum on condition it is not paid for till a future day, and the fact that the increased price payable at a future day was more than the legal interest on the cash price, would not make the contract usurious. In other words, the owner of property may sell it for such price as he can get, either in cash down or payable at a future day, and although the price payable at the future day may be twice or thrice as much as the down price or as many per cent per month more than it, yet this will not make it usurious. The reason is, that such contracts are not within the statute against usury. Of course, if such contracts are resorted to as a cover for usury — to evade the usury laws — they will be held usurious. But the jury did not so find in this case.

See the following analogous cases: *Hall* v. *Haggart*, 17 Wend. 280; *Cumming* v. *Williams*, 4 id. 680; *Spencer* v. *Silden*, 5 Cow. 144; *Dry Dock Company* v. *American Life Insurance and Trust Company*, 3 N. Y. 344, and cases cited; see also *Bull* v. *Rice*, 5 id. 315; *Wilson* v. *Kilburn*, 1 J. J. Marsh. 494; *Boswell* v. *Jackson*, id. 48; *Tousey* v. *Robeson*, 1 Met. (Ky.) 663; *Gale* v. *Grannis*, 9 Ind. 141; *Cross* v. *Hepner*, 7 id. 359. These cases illustrate the proposition that under the statutes of those States usury cannot be predicated upon either the loan or sale of property. If the jury had found in this case, in addition to the other facts stated in their verdict, that the contract was resorted to for the purpose of evading the usury laws, or as a cover for the usury, then the judgment of the District Court could have been sustained. For, if the contract is in truth and fact a loan of money at usurious rates, it matters not what devices may be resorted to, for the purpose of covering or concealing its true character; the law will strip from it these devices and adjudge it by what it is in fact, rather than by what it may, in its terms, appear to be.

Some question is made by appellee's counsel upon the phraseology of our statute, as being different from the original statute of Anne and of the other States from which the decisions above are cited. But since the jury found that the price agreed by the contract to be paid was the actual value of the sheep, and since the contract is not, upon its face, usurious, and the jury have failed to find that the contract was a device to evade the usury laws, or as a cover for usury, it becomes immaterial to examine the difference, even if there is any in legal effect, between our statute and those referred to, for in either view the contract upon the findings cannot be held usurious.

<div style="text-align: right">Reversed.</div>

BECK, J. (dissenting).— Section 1790 of the Revision is in these words : " No person shall, directly or indirectly, receive in money, goods or things in action, or in any other manner, any greater sum or value, for the loan of money, or upon contract founded upon any bargain, sale or loan of wares, merchandise, goods, clothing, lands and tenements, than is prescribed by this act." By the preceding section, the highest rate of interest for which parties may contract is limited to ten per centum per annum. The succeeding section provides that when it is ascertained, in any suit upon a contract, that a greater rate has been contracted for, "either directly or indirectly, in money, property or other valuable thing," ten per centum per annum upon the amount of such contract is forfeited to the school fund, and judgment is rendered therefor against the defendant, and the plaintiff recovers the amount of the principal sum without interest, "whether the unlawful interest be incorporated in the principal sum or not."

The foregoing provisions prohibit usurious interest, not only upon contracts for the loan of money, but also upon all contracts founded upon the sale of property. *Callanan* v. *Shaw*, 24 Iowa, 452. They as explicitly and unmistakably prohibit it when paid, or to be paid, in property instead of money. The plain language of the statute permits no escape from this conclusion. If, therefore, usurious interest is reserved to be paid in wheat, wool, or any other thing, it avoids the contract as effectually as though it were stipulated to be paid in money. If the interest reserved is to be paid in a given quantity of wheat or wool, without stipulation as to the price of the property so paid, or to be paid, it then becomes a question, to be determined by evidence, whether the interest so provided for is in fact usurious. Suppose a note for one hundred dollars provides, that, as interest

thereon, twenty bushels of wheat is to be paid each year. If it be shown that the wheat, at the date of the note, and at the date of different payments thereof as interest on the note, was worth $1.50 per bushel, could any one doubt such interest was usurious, and the note, therefore, tainted with usury? The only difference between such a note and an ordinary one is, that the interest, being reserved in property, may or may not be usurious — that is, the fact does not appear on the face of the instrument, but is left to be determined by evidence. In the case of an ordinary note, in which interest is reserved, the face of the instrument itself shows that it is or is not usurious. But it is competent to determine the character of a note by evidence of facts not apparent on its face. If the usurious interest be included in the instrument itself, or reserved in another, or paid at the time the contract was made, or is, in any other of the many ways to which the ingenuity of usurers resort, concealed and covered up, the courts will hear evidence to determine the true nature of the transaction. So, when interest is reserved, to be paid in property, the true intent of the parties and the value of the property may be proved to determine the fact of usury. The fact that the value of the property is fluctuating cannot prevent the inquiry. If, at the date of the contract and at the date of payment, it bore such value that its payment would be greater than the legal rate of interest, there can be no doubt that the contract would be usurious. I need not discuss the question as to the effect if, at either of such dates, its value should be equal to, or less than, the legal rate of interest. In the case before us the findings of the jury, the correctness of which the condition of the record will not permit us to question, determine the usurious character of the contract, which is the foundation of the suit. They determine that the payment of the one and one-half pounds

of wool was for interest, and not a part of the price of the sheep. The value of the wool at the date of the contract and at the date of each payment was greater than the amount of interest on the principal sum at the highest legal rate. Under these findings of facts the contract, in my opinion, must be considered as usurious.

It is argued that, inasmuch as the value of the wool was uncertain, liable to fluctuate, and, at the annual payments, to be of a value less than the highest legal rate of interest, therefore the contract in the very nature of things could not be usurious, for, in fact, it thus would not provide absolutely for the payment of an illegal rate of interest. The argument is ingenious but not sound, and would lead, in its practical application, to the utter defeat of the statutory provision which prohibits contracts for, and the receipt of, property for unlawful interest. The values of all property are fluctuating and, in a measure, uncertain; therefore a contract to pay property as interest could not be usurious. Legal rules must be practical, and framed with a view to their application in the affairs of men. The rule adopted by the majority tends to defeat the statute and open a door through which all usurers may escape.

The opinion of the majority keeps out of view the fact that the wool reserved in the contract to be paid annually was no part of the price of the sheep. Such, however, is the finding of the jury, and we must consider this as a fact not to be contradicted. Yet, as I understand the opinion, it is held that, inasmuch as the payments of the wool annually may have been provided for because the price of the sheep was not paid down, the contract is not therefore usurious. But this hypothesis of fact is directly contradicted by the record.

It is said that, because the jury did not find that the contract was resorted to for the purpose of evading the

Gilmore & Smith v. Ferguson & Cassell.

usury law, it cannot, therefore, be considered as usurious. In other words, the contract cannot be considered usurious unless an intent to violate the law was proved. Men's intentions are best established by their acts. In this case the interest reserved is unlawful, for it is greater than ten per centum per annum. Men are, in law, presumed to intend the consequences of their acts. The act in this case does violate the law, and the parties must be presumed to have intended that result. The contract for and payment of unlawful interest in this case having been found, why must the *intent* be established by other facts, when it is not required in other cases of usury? I have heard no satisfactory answer to this question. To my mind, the findings of the jury sufficiently establish the fact that the contract was a device to evade the usury laws. They establish that the annual payments of wool were not a part of the price of the sheep, but were for interest, and that the interest thus provided for is above the legal rate. The contract, therefore, *does* cover up usury, and is a device for that purpose.

The New York cases cited in the majority opinion were decided under statutes differing from ours, and therefore are not, as I believe, in point in this case.

I am of the opinion that the judgment of the District Court ought to be

Affirmed.