# Collier *v.* Barr.

### Bill in Equity by Mortgagor, for relief against Usury.

1. *What contracts are usurious; equitable relief against.*—Held, on the authority of *Miller v. Bates* (35 Ala. 580), and *Barr v. Collier* (54 Ala. 39), that a contract for the purchase of cotton on a credit, at a higher price than the market value, to be re-sold for cash by the purchaser, in order to raise money to meet his present necessities, for which he had asked a loan, was a mere cover or device to evade the statute against usury, against which a court of equity would grant relief ; but, on the statement of the account, under a bill filed by the purchaser or borrower, he should be charged with the cash value of the cotton when he received it, and interest thereon, and not merely the price at which he afterwards sold it.

APPEAL from the Chancery Court of Pike.
Heard before the Hon. H. AUSTILL.

The bill in this case was filed on the 19th May, 1871, by D. D. Barr and J. W. Barr, against T. A. Collier and G. C. Collier ; and sought an injunction of a sale of property under a mortgage, an account of the mortgage debt, and equitable relief, in the statement of the account, on the grounds of fraud and usury. The mortgage, a copy of which was made an exhibit to the bill, was dated 2d May, 1870 ; purported to be given to secure the payment of a promissory note for $388.25, due the 1st November, 1870, which, as recited, was "furnished us [the said D. D. and J. W. Barr] by T. A. Collier, to enable us to make a crop, and without which we could not make a crop the present year ;" conveyed, as security for the debt, "my entire crop of corn, peas and potatoes, made the present year ; also," two mules, two horses, and a tract of land containing, as described, 495 acres ; and contained a power of sale, if default should be made in the payment of the debt at maturity. The bill alleged that this indebtedness was the price of three bales of cotton, which said Collier had "let them [the complainants] have" on credit, at the price of twenty-five cents per pound, when the market value of the cotton, if it had been of the quality represented by Collier, would have been not more than eighteen or twenty cents ; that the contract originated in an application for a loan of money, and was intended as a mere device to evade the statute against usury ; that Collier practiced a fraud on the complainants in his representations as to the quality of the cotton ; that they sold the cotton afterwards at its market value, and it only brought sixteen and seventeen cents per pound ; that they had delivered to said Collier, on account of the mortgage debt, four bales of cotton, which was sufficient to extinguish it on a proper accounting ; and that the defendants were nevertheless proceeding to foreclose the mortgage. They therefore prayed an injunction of the sale, an account of the mortgage debt, relief against the alleged fraud and usury, and general relief. The defendants answered the bill, denying all the charges of fraud and usury, and demurring for want of equity on account of the insufficiency of the averments. On motion to dissolve the injunction on the denials of the answer, as well as for want of equity in the bill, the chancellor held that the bill contained equity, but dissolved the injunction on the denials of the answer ; and his decree was affirmed by this court, on appeal by the complainants. *Barr v. Collier*, 54 Ala. 39. On final hearing, on pleadings and proof, the evidence consisting principally of the depositions of the parties, the chancellor held the contract usurious, and ordered an account to be stated by the register ; directing him to charge the complainants with the amount which

[Draper's Adm'r v. Draper.]

they had received on the sale of the three bales of cotton, and interest thereon, and to charge the defendants with the amount realized from the four bales which had been delivered to them. On the account as stated by the register, a balance of $21.15 was ascertained in favor of the complainants; and the chancellor rendered a decree in their favor for this sum, but taxed them with the costs. The defendants appeal from this decree, and here assign it as error.

W. D. Wood, for appellants.

Gardner & Worthy, contra.

BRICKELL, C. J.—When this cause was before the court at a former term (Barr v. Collier, 54 Ala. 39), we held the temporary injunction was properly dissolved, because the answers denied positively the statements of the original bill upon which its equity depended. Since, the cause has progressed to a final decree in the Court of Chancery, upon evidence which satisfied the chancellor the transaction was usurious; that it was a loan of money which was intended, covered up by a sale of the cotton at a price exceeding its real value. We are of the opinion, the decree of the chancellor in this respect is supported by Miller v. Bates (35 Ala. 580), and the opinion expressed when this case was here formerly.

But, the borrower should have been made answerable for the market cash value of the cotton, at the time and place when and where he received it, with lawful interest thereon, and not merely for the price at which he may subsequently have made sale of it.—Miller v. Bates, supra. The chancellor was, consequently, in error, in limiting the inquiry of the register to the price for which Barr made sale of the cotton. For that error, the decree must be reversed, and the cause remanded.