FORGOTSON v. RAUBITSCHEK et al.

(Supreme Court, Appellate Term. March 24, 1904.)

1. INTEREST—USURY—LOANS OF CREDIT—QUESTIONS OF FACT.
   Whether a transaction was a sale or loan of personal credit, or simply a cloak to cover a usurious loan, is a question of fact.

2. JUDGMENT—WHAT CONSTITUTES—MEMORANDA.
   A memorandum filed by a trial judge, stating the grounds of his decision, is no part of the judgment.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Etta Forgotson against Max H. Raubitschek and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

James C. De La Mare, for appellant.
Wilder & Anderson, for respondents.

PER CURIAM. This action was brought to replevin all the household goods of the defendants, which were covered by a chattel mortgage held by the plaintiff. The defense interposed was that the transaction upon which the chattel mortgage was founded was usurious, illegal, and void. By means of the giving of certain notes made by the defendants and indorsed by the plaintiff, it appears that between December 9, 1902, and the 13th day of August, 1903, the defendants, in return for an advance or loan to them by the plaintiff of the sum of $300, have paid to the plaintiff the sum of $322.28, and, according to the plaintiff's contention, were on the last-named date—the time when this action was commenced—still indebted to plaintiff in said sum of $300. The payment by the defendants to the plaintiff of this sum was, as claimed by the plaintiff, made to her for "the use or sale of her personal credit," and that, to secure her for the "loan, use, and sale of her personal credit," she took the chattel mortgage in question. The plaintiff also claims that section 378 of the Penal Code, which provides that "a person who * * * receives any interest, discount or consideration * * * upon the loan, use or sale of his personal credit where there is taken for such loan, use or sale of personal credit, security upon any household furniture, * * * permits the pledger to retain possession thereof, greater than six per cent. per annum, is guilty of a misdemeanor," is unconstitutional. We do not deem it necessary for the determination of this case to pass upon the soundness or unsoundness of the plaintiff's contention. Whether or not the transaction between the parties was a sale or loan of personal credit, or whether it was simply a cloak to cover a usurious loan made by the plaintiff to the defendants, was a question of fact; and there is sufficient testimony given by defendants, from which ample support for the judgment in their favor may be found, upon the ground that it was a loan of money made by plaintiff to the defendants, and at usurious rates, and that the various devices adopted and made use of by the plaintiff were a part of the scheme to hide the real transaction.

The record shows that the judgment in favor of the defendants was given November 13, 1903. In a memorandum attached to the return, the judge states that he filed his decision in favor of the defendants on October 26, 1903; and in that memorandum, called by the plaintiff a "judgment," he bases his decision upon the finding, in substance, that the plaintiff was guilty of a violation of section 378 of the Penal Code. This finding is more in the nature of an opinion, was not necessary in order to give validity to his judgment dismissing the plaintiff's complaint, and forms no part of such judgment; and, as before stated, whether or not the section referred to is constitutional is of no moment, in view of the adequate testimony in support of the judgment upon the other ground, and, as the record does sustain it, the judgment should be affirmed.

Judgment affirmed, with costs.