THOMAS BARRY v. PROSPER PARANTO and Others.[1]

February 9, 1906.

Nos. 14,599—(176).

**Usury.**

Where a person, to whom an application for a loan of money is made,. in lieu of money sells to the borrower an article of personal property at a price largely in excess of its real value, which the borrower purchases, not because he desires the property for his own use, but to enable him, by selling the same, to obtain the money and thus relieve his necessities, the transaction may, or may not, be usurious.

**Sale or Loan.**

If the transaction be entered into in good faith, with no intent to evade the laws against usury, it will be sustained; but if it appears to have taken the form of a sale of property, in lieu of the loan of money outright, as a scheme and cover for usury, it will be held usurious and void..

**Questions for Jury.**

The good faith, purpose, and intent of such transactions are ordinarily, and in this case were, questions of fact for the trial court to determine.

**Evidence.**

The evidence sustains the findings of the trial court.

Action in the district court for Clay county to determine the adverse claims of defendants to land in possession of plaintiff. The case was tried before Baxter, J., who made findings of fact, and as conclusions of law found that defendant Paranto was the owner of the premises subject to a mortgage in favor of plaintiff for $6,183.70 under which plaintiff was in possession. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*James M. Witherow* and *F. H. Peterson,* for appellants.

*C. A. Nye,* and *M. R. Tyler,* for respondent.

BROWN, J.

The facts in this case are as follows: In March, 1903, defendant Paranto, being then the owner of the land in controversy, conveyed the same by warranty deed to plaintiff for the consideration of $6,183.70.

[1]Reported in 106 N. W. 911.

The purpose of this deed was to secure the payment of the consideration expressed therein, and was in equity a mortgage. At the time of its execution, and as a part of the transaction, defendant made and delivered to plaintiff a promissory note in the amount stated, payable at a future date, and plaintiff in turn delivered to defendant a written agreement to reconvey the property upon payment of the note. Subsequently, by some arrangement between the parties, the promissory note was delivered up to defendant as paid, and he surrendered possession of the land to plaintiff, who has since remained in the occupancy thereof. Claiming to be the absolute owner of the property by virtue of the deed, plaintiff brought this action to quiet his title. The defense was that the deed under which plaintiff so claims was executed to secure the payment of a prior usurious indebtedness, and was wholly void, and conferred no title or rights upon the plaintiff in or to the land, and also that the deed was procured from defendant by fraud and undue influence.

The facts made the basis of the claim of usury are as follows: Plaintiff and defendant were, and had been for many years, neighboring farmers and had numerous business transactions with each other. Plaintiff was prosperous, but defendant the reverse, and frequently borrowed money of plaintiff and secured payment of the same by executing mortgages upon his farm. Plaintiff never loaned defendant any money in specie. Whenever defendant would apply for a loan, plaintiff would sell him a quantity of wheat at from ninety cents to one dollar a bushel, when the market value thereof varied from fifty to fifty-eight cents a bushel, or other grain at a correspondingly high figure, and defendant would sell the same at the elevator and thus obtain the amount of money he desired. Several transactions of this kind occurred between the parties, and in each instance defendant executed to plaintiff a mortgage upon his farm, securing the payment of the debt thus created. As time passed his indebtedness to plaintiff increased and the mortgages multiplied. On March 31, 1903, the parties had a settlement and adjustment of all prior transactions, which resulted in the execution of the deed under which plaintiff now claims title. It is claimed by defendant that the transactions referred to took the particular form of a sale of property, instead of an outright loan of money as a cover for usury; that all the mortgages which made up the considera-

tion for the deed were usurious and void; and that their invalidity followed into and rendered the deed invalid also. The trial court found against defendant's claim of usury, also that the deed was a mortgage, and that plaintiff's relation to the land was that of a mortgagee in possession, and judgment was ordered accordingly. Defendant also, as already stated, claimed that the deed and mortgages were obtained from him by fraud and undue influence, but the court refused to so find. The question presented in this court is: Whether the refusal of the court to find (1) that the mortgages and deed were usurious and void, and (2) that they were obtained by fraud and undue influence — is sustained by the evidence?

Our examination of the evidence leads to the conclusion that the trial court must be sustained. Upon the question whether the deed and mortgages were obtained by fraud and undue influence, we have little difficulty in reaching a conclusion. There was no such relation existing between these parties as to give rise to the rule of constructive fraud, and the evidence falls far short of showing fraud or undue influence in fact. Upon the question whether the transactions disclosed by the evidence, and already referred to, were usurious, and whether the court should have so found, we apply the usual rule that, where the evidence fairly tends to support the findings of the trial court, this court will not reverse.

A patient consideration of the evidence presented in the record will not justify us in declaring the findings of the court clearly and palpably unsupported. It is elementary that no device or scheme intended for the purpose of evading the laws against usury will prevent the courts from giving force to the statute and declaring contracts made in violation thereof null and void. In cases of a loan of money there is little difficulty in determining the character of the transaction; but where there is, as in the case at bar, a sale of property at a price in excess of the market value, the matter is not as readily solved. It is laid down as a general rule in Tyler, Usury, 102, that where a man, in lieu of a loan of money, sells to a borrower an article of property at a price beyond its real value, which the borrower purchases, not because he desires the property for his own use, but to enable him by selling the same to obtain money and relieve his necessities, the contract is usurious.

But in all cases where that rule has been applied the question has been controlled by the intent of the transaction, and whether it took the particular form for the purpose of evading the usury laws.

There are many cases to be found in the books similar to that of the one at bar, but we have found none holding that a transaction of this kind is necessarily usurious. It is not so unless intended as an evasion of the usury laws.

In the case of Root v. Pinney, 11 Wis. 85, it appeared that the defendant made an application to plaintiff for a loan of money, and, instead of loaning the money, plaintiff sold to him certain wheat at one dollar per bushel, which was worth on the market forty five cents a bushel. In an action to recover upon a note given in the transaction, defendant alleged the facts and claimed that the transaction was usurious and void. There was a demurrer to the answer, setting forth the facts, which was overruled, the court holding that the conceded facts constituted usury; but the question of fact as to the purpose of the transaction and the intent of the plaintiff, was not involved. The intent was conceded by the demurrer. The same principle is laid down in Collier v. Barr, 64 Ala. 543, Miller v. Bates, 35 Ala. 580, and Forgotson v. Raubitschek (Sup.) 87 N. Y. Supp. 503.

But in none of the cases to which our attention has been called has it been held that a transaction of that kind constitutes usury as a matter of law. In some cases the question has come before the court on demurrer, as in the Wisconsin case, and others, upon a decision of the court or verdict of a jury finding usury. But the courts all hold, as far as our examination has extended, that where the transaction is entered into in good faith, with no purpose to evade the usury laws, it will be upheld. Douglass v. McChesney, 2 Rand. (Va.) 109; Leavitt v. De Launy, 4 N. Y. 363; 4 Current Law, 1765; Grider v. Driver, 46 Ark. 50; Spencer v. Tilden, 5 Cow. (N. Y.) 144; Dry Dock Bank v. American, 3 N. Y. 344; First Nat. Bank v. Owen, 23 Iowa, 185; and Gilmore v. Ferguson, 28 Iowa, 220.

The question of the good faith and intent of the transaction involved in the case at bar was one of fact for the trial court, and, in view of the evidence disclosed, its conclusion cannot be disturbed. It appears without dispute that plaintiff was a prosperous farmer, raising grain for purposes of seed only. For a number of years—in fact, during all

of the period covering the transactions in question—he never sold any of his grain upon the market, but raised it expressly to sell to neighboring farmers for seed, and sold it at the uniform price of about one dollar per bushel to all purchasers. In view of this fact we are not prepared to say as a matter of law that the transactions between these parties were in bad faith, that there was a purpose on the part of plaintiff to evade the usury laws, or that the refusal of the trial court to so find is clearly against the evidence. In Saxe v. Womack, 64 Minn. 162, 66 N. W. 269, it was held that the price of property sold in good faith, without any purpose to evade the usury laws, may be included in the same security with money loaned, and the fact that the price was largely in excess of the market value of such property did not necessarily condemn the transaction as usurious. The question, as already stated, is always one of intent, and that is a question of fact for the trial court. Egbert v. Peters, 35 Minn. 312, 29 N. W. 134; Lewis v. Willoughby, 43 Minn. 307, 45 N. W. 439.

The question whether the deed was usurious, independently of the previous transactions—in other words, whether it secured the payment of an amount in excess of that actually due plaintiff—was not an issue under the pleadings. It is not alleged in the answer that the deed was void for usury, and the question whether it was void for that reason was not litigated on the trial any further than involving the contention that it was invalid because of the fact that the prior mortgages were usurious.

Order affirmed.