E. M. DICKSON v. CITY OF ST. PAUL and Others.[1]

July 24, 1908.

Nos. 15,734—(221).

**Usury.**

In an action involving an issue of usury, it is *held* that two essential elements thereof, viz., the loan and forbearance of money, and an agreement, express or implied, to repay the same with illegal interest, were not established by a preponderance of the evidence.

**Same—Sale at Discount.**

An unconditional sale by the owner of a chose in action for an amount less than its face value is not, though the discount be greater than the sum of ten per cent., usurious, unless the transaction take the form of a sale as a cover for usury.

**Same.**

One Preston had several contracts with the city of St. Paul under which certain money was to accrue and become due him for work performed thereunder. He unconditionally assigned to plaintiff all money due or to become due him under the contracts in consideration of money paid him therefor, the amount paid being the face value less a discount of about ten per cent. *Held* not usurious, though the discount might in amount exceed the legal rate of interest.

**Pleading Title—Evidence.**

Where, in an action concerning rights in property, the plaintiff by his complaint discloses the source of his title, defendant must in his answer plead all defenses relied upon in avoidance of the title so disclosed, and cannot on the trial, as in a case where the source of plaintiff's title is not disclosed, offer evidence of matters not within the defenses pleaded.

[1] Reported in 117 N. W. 426.

Action in the district court for Ramsey county to recover $10,767.-80, the contract price for the construction of five public sewers by William J. Preston. The complaint set up five causes of action, each based upon an assignment to plaintiff of all sums due or to grow due under the terms of the contracts entered into between the contractor Preston and the defendant city. These contracts were executed between October, 1902, and June, 1903, and were substantially the same in form. On August 5, 1903, Preston was adjudged a bankrupt and abandoned the work. The sureties on his bonds, who were called upon to complete the unfinished work, and the trustee in bankruptcy of William J. Preston intervened and claimed that they were entitled to the balance remaining in the hands of the city which was to have been paid to Preston, and attacked the validity of the assignments from Preston to plaintiff. The parties stipulated that the amount due from the city on the contracts was $1,494.24 and agreed that said sum should be held by the city until a determination of the question as to who was entitled thereto. After the former appeal mentioned in the opinion, the case was tried before Kelly, J., and a jury to which was referred the question whether the several transactions which resulted in the five assignments in evidence were sales of moneys due and to become due. The jury found that the assignments were not sales but covers for usury, and rendered a verdict in favor of intervener E. F. Berrisford for $483, in favor of intervener J. A. Willwerscheid as administrator of the estate of Fred Schroeder for $464.30, and in favor of intervener D. E. Dwyer as trustee for $546.94. From a judgment entered in favor of plaintiff pursuant to an order granting a motion for judgment notwithstanding the verdicts, interveners appealed. Affirmed.

*R. A. Walsh* and *D. E. Dwyer,* for appellants.

*O'Malley & Boerner,* for respondent.

*J. C. Michael* and *Louis R. Frankel,* for City of St. Paul.


BROWN, J.

This cause was before the court on a former appeal, where the material facts are stated. 97 Minn. 258, 106 N. W. 1053. It was there held that the assignments upon which plaintiff seeks to recover were legal and valid, and not in violation of the charter of the city of St.

Paul, and the cause was remanded for a retrial of the questions (1) whether the assignments were intended by the parties as sales and transfers absolute of moneys due and to become due to Preston, plaintiff's assignor, or (2) whether they were made and executed for the purpose of securing the loan of money from plaintiff to Preston, and were usurious and void.

On being returned to the court below, Preston's trustee in bankruptcy intervened in the action and set up in his complaint in intervention substantially the same defense to the validity of the assignments as that previously presented by the other interveners. The issues were submitted to the jury, and a verdict returned to the effect that the assignments were executed as security for the loan of money, and were usurious and void. The trial court thereafter, on plaintiff's motion, directed judgment for plaintiff notwithstanding the verdict, which was entered, and the interveners appealed.

The question for consideration is whether the trial court was justified in the conclusion that the assignments were absolute transfers of the indebtedness due and to become due from the city to Preston, and were not executed as security for the loan of money, and, in any event, that the transactions were not usurious and void.

A restatement of some of the facts will make clear the precise situation. Preston had entered into contracts with the city by which he undertook certain public improvements for the consideration expressed in each. The performance of the contracts required the expenditure from time to time of large sums of money which Preston did not possess. He applied to plaintiff, and negotiations between them resulted in an agreement by which plaintiff, through her agent, agreed to provide the necessary funds, in consideration of which Preston made absolute and unconditional assignments to plaintiff of all money due or to become due on each contract. The form of the assignments is set out in the former opinion. The evidence shows that whenever Preston was awarded a contract by the city he would present the same to plaintiff's agent and inquire how much he would give for the contract or advance upon it, and in response the agent, after making computations, would submit an offer, usually discounting the amount of each contract something less than ten per cent. Preston accepted these offers, and the assignments were made, and the money subsequently

paid to him. Preston entered into no contract by which he agreed to repay the money so obtained, and plaintiff was limited solely to the city for reimbursement. The money to discharge the contracts was obtained by the city through special assessments, the time of payment of which was indefinite and uncertain, though Preston stated to plaintiff that a portion would be paid within a short time from the general funds of the city. Preston thereafter became insolvent and was unable to complete his contracts, and this controversy is over money earned by him up to the time he suspended work. Interveners Berrisford, Reardon, and Willwerscheid were securities on Preston's bond to the city, and they completed the contracts.

1. Upon this state of the facts we have no difficulty, following our former decision to the effect that the transactions between plaintiff and Preston were entered into in good faith and for a valuable consideration, in affirming the view of the trial court that the assignments were absolute and passed the unconditional title and right to the money to be earned under the contracts to plaintiff, and that they were in no proper sense loans or void for the exaction of an illegal rate of interest. That the transactions were not loans, nor tainted with usury, is quite clear. To constitute usury there must be a loan or forbearance of money, and an agreement, express or implied, by the borrower to repay the same, with interest in excess of the rate allowed by law. Webb, Usury, §§ 19–24, and cases cited; Struthers v. Drexel, 122 U. S. 487, 7 Sup. Ct. 1293, 30 L. Ed. 1216; Foote v. Emerson, 10 Vt. 338, 33 Am. Dec. 205; Reger v. O'Neal, 33 W. Va. 159, 10 S. E. 375, 6 L. R. A. 427; Balfour v. Davis, 14 Ore. 47, 12 Pac. 89; Reynolds v. Carter, 12 Leigh (Va.) 166, 37 Am. Dec. 642. There was no loan in either of the transactions here under consideration.

Nor did Preston promise or agree to repay the money he obtained, and no such promise can be implied from the facts disclosed. He executed no promissory note. or other written contract evidencing an agreement to repay, and no oral promise to that effect was made. Plaintiff bought the earnings under the contracts, and if for any reason the city refused to pay she could not hold Preston. In other words, she hazarded the amount advanced upon Preston's performance of his contracts and the liability of the city.

The two essential elements of usury are therefore lacking, viz., the

loan or forbearance and the agreement to repay with excessive interest, and the transactions are not usurious. The case does not come within the rule of Barry v. Paranto, 97 Minn. 265, 106 N. W. 911, where the transaction took the form of the sale of property at an exorbitant price, instead of a loan of money outright. In such case, as pointed out in the Paranto opinion, the transaction may or may not be usurious, depending upon the intention of the parties. If in the case at bar Preston had agreed to repay the money advanced to him, or if an agreement to that effect could be implied, a loan would have been shown; but there was no such agreement. See note to Bank v. Cook, 46 Am. St. 178. The transactions were nothing more than bona fide sales of claims to accrue against the city, which Preston had the right to make (O'Connor v. Meehan, 47 Minn. 247, 49 N. W. 982), to which the usury statute does not apply; the evidence, as we view it, being wholly insufficient to justify the conclusion that the transactions took this form for the purpose of avoiding the charge of usury. Webb, Usury 63, et seq.; Jackson v. Travis, 42 Minn. 438, 44 N. W. 316; Crane v. Price, 35 N. Y. 494; 29 Am. & Eng. Enc. (2d Ed.) 473.

The statement in the former opinion that the question of usury was one of fact for the jury was made in view of the facts there before the court. The evidence left the question somewhat in doubt, but the record on the present appeal in many respects differs from the evidence given on the former trial, and the rule of "the law of the case" does not apply. The present record fully clears up all doubts upon the question and permits of but one conclusion, viz., that the transactions were not, for the reasons stated, usurious.

2. The trustee in bankruptcy intervened, and interposed in opposition to plaintiff's claim to the money substantially the same contentions that were made by the other interveners; i. e., that the assignments were void under the city charter and were usurious. On the trial he offered to show that it was the understanding between plaintiff and Preston, when the assignments were made, that they should not be recorded, but retained in the possession of plaintiff, Preston collecting the money earned thereunder and paying it over to plaintiff. The offer was excluded by the trial court, and the ruling is assigned as error by the trustee. There was no error in this ruling. The evidence offered does not present a case of estoppel in pais, and, besides,

plaintiff by her complaint expressly disclosed the source of her title to the money, and the intervener .was required, under our rules of pleading and practice, to interpose in his pleading all grounds in avoidance of the title so disclosed. Livingstone v. Brown, 18 Minn. 278 (308) ;. Tupper v. Thompson, 26 Minn. 385, 4 N. W. 621; Walker v. Ward, 104 Minn. 386, 116 N. W. 647. If plaintiff had pleaded her title in general terms, without indicating the source thereof, then under the general issue' the evidence offered by the trustee would have been competent. But having specially pleaded her title, and intervener having by his complaint in intervention limited his objections to its validity to the matters set out in his pleading, he was bound thereby,. and could not offer evidence of facts not pleaded.,

Judgment affirmed.'

JAGGARD, J., took no part.