## JOHN A. HEALY v. HENRY J. BREEN.[1]

May 21, 1926.

No. 25,127.

**Usury not proven.**

> Dealings under two written contracts, one for building construction and the other for the joint operation of a hotel, *held* to show no usury because there was no exaction of or agreement to pay any sum in excess of lawful interest for the loan or forbearance of money.

Usury, 39 Cyc. p. 919 n. 60; p. 1055 n. 78.

Action in the district court for Stearns county for an accounting. The case was tried before Nye, J., who ordered judgment against defendant Henry J. Breen, who appealed from the judgment. Affirmed.

*Thomas C. Daggett*, for appellant.

*R. B. Brower*, for respondent.

STONE, J.

In this action for an accounting there was a judgment against defendant Henry J. Breen for $7,863.96 from which he appeals.

In January, 1920, the Healy Plumbing & Heating Company, a corporation of St. Paul, took the contract to install the plumbing in the New Breen Hotel at St. Cloud, then being constructed by the Granite City Investing Corporation. Defendant Breen and one Hesse were the promoters of that enterprise and the proposed lessees of the hotel. The plumbing contract contemplated an expenditure of about $65,000. The whole enterprise was speedily involved in financial difficulties. The Healy Company and other contractors were not paid as called for by their contracts and in consequence were in a position to enforce liens. Both bankruptcy and receivership proceedings were instituted. The property, while the hotel was still incomplete, was mortgaged for $175,000. A condition

[1]Reported in 209 N. W. 21.

precedent to that loan was the release by the contractors of their lien rights, accrued or prospective. For reasons unimportant here, defendant Breen concluded to go on without Hesse. But while the latter was still interested and on August 28, 1922, they stated their account with the Healy Company. The balance due the latter was agreed to be $13,846.15.

October 18, 1922, plaintiff and defendant Breen entered into the written contract out of which this action arises. It recited the indebtedness of Breen and Hesse to the Healy Company, and was conditioned upon Breen's being able to consummate the contemplated "arrangement" for Hesse's elimination. That condition was fulfilled and the contract went into effect according to its terms, the important ones being these: The indebtedness of Breen and Hesse to the Healy Company was to be canceled and the collateral returned to Breen. Breen and his wife were to deed (and have deeded) to Healy as his "absolute property" a quarter section of Saskatchewan land. Breen was to transfer to Healy absolutely $12,500 of the second mortgage bonds of the Granite City Investing Corporation. Breen acknowledged an indebtedness to Healy of $13,400.25 to be secured by common stock of the Investing Corporation with a par value of $76,000, $12,500 additional of the second mortgage bonds and the assignment of the lease on the new hotel. Breen was to assume its active management under the supervision of Healy. All moneys received from its operation were to be banked in the name of Healy as trustee "for the purpose of securing the payment of the aforesaid obligations and the payment of the current expenses of the operation of said hotel." Healy agreed to advance $3,000 to meet those expenses, "including attorney's fees and other expenses to which he may be put up to the time said money is repaid" with interest at 8 per cent. Out of the moneys so received and deposited to Healy's account, payments were to be made as follows: "1. The rent of $3,100.00 per month. 2. All operating and necessary expenses, including salary of $250.00 a month to Henry J. Breen. 3. Balance of revenue shall go to John A. Healy until the indebtedness, advances and interest herein provided  *  *  *

are paid, and 4. Thereafter all net profits arising from the operation of said hotel shall be divided, one-half to each party hereto."

The hotel was operated under that contract, the management of Breen and supervision of Healy, until Breen somewhat summarily excluded Healy from the further exercise of any rights thereunder. This suit was the result. In the meantime Healy had advanced money to an extent far in excess of the $3,000 maximum fixed by the contract.

The defense is grounded upon the three propositions that the contract is usurious, unilateral and unconscionable. We cannot find that the Healy Company or Mr. Healy himself exacted, or that either Breen or Hesse or both agreed to pay, for the loan or forbearance of money, any sum beyond the legal rate of interest. There can be no usury without such an exaction or agreement. Section 7073, G. S. 1923; Dickson v. St. Paul, 105 Minn. 165, 117 N. W. 426.

The plumbing contract did not work out at all according to its terms of payment. In that, Breen and Hesse and the Investing Corporation were continuously in default. But the Healy Company completed its performance and took some long chances. They advanced substantial sums to pay rent and taxes on the hotel property and may have been well justified in the exactions with which they are charged. But none of them are shown to have been intended as, or to have had the effect of, a usurious bonus for a loan. When it came to eliminating Hesse, taking over from his company the balance of the indebtedness and going into what amounted to a qualified partnership with Breen, Mr. Healy was taking additional chances. All the property, real and personal, covered by the contract was already up as collateral. The second mortgage bonds were worthless. The stock of the Investing Corporation, if not a positive liability, was of very questionable value. The transfers of the personal property, some as collateral and some absolutely, and the Canadian land, were by the contract made terms of Healy's participation in the joint enterprise for running the hotel, to the operation of which he was looking for the payment of the balance

of the original debt plus additional advances. Breen did not bind himself to pay either. There is nothing in the law which permits us to say that, in making such terms for participation in such an enterprise, plaintiff was guilty of usury. No loan or forbearance of money was involved.

There are other details which are important and have been argued and considered, but they present only questions of fact. Nothing can be gained from their discussion. Our examination of the record and arguments has led to the conclusion that a more favorable outcome for defendant Breen would not find much support in the evidence. The contract is in issue only to the extent that it has been executed, so the result could not be different if to start with the agreement had been unilateral, which seems doubtful at least.

Judgment affirmed.