TISDALE *v.* MANESS.

4-4224

Opinion delivered March 23, 1936.

*Cravens, Cravens & Friedman*, for appellant.
*Thomas C. Pitts*, for appellee.
*George W. Dodd,* for intervener.

McHANEY, J. Appellee Maness brought this action against appellant to cancel certain promissory notes and for the release of certain collateral executed and delivered by the former to the latter. He alleged that he became indebted to appellant in the sum of $100 for borrowed money on or about January 1, 1935, and that appellant required him to execute six notes of $20 each due one each month, and one note for $70 due six months after date; that $5 of each $20 payment was to apply on the principal and $15 for interest; that at the end of six months he would have paid $30 on the principal and the $70 note then coming due, if paid, would cancel the debt. In other words, he was to pay $15 interest per month for the use of the $100 borrowed. He also alleged that he deposited with appellant as collateral to said notes a certificate for 17 shares of preferred stock of the Tribune Publishing Company of the par value of $100 per share, which he assigned in blank. He prayed a cancellation of the notes as usurious and for a return of said stock certificate. Appellant denied all the allegations of the complaint or that any notes were executed by appellee and delivered to him. He alleged that on December 29, 1934, said appellee came to him to borrow money, he being a money lender, and that he refused to make a loan, but purchased said stock for a cash consideration of $375 paid to said appellee, and the stock was thereupon assigned to him. Appellee Annie Deuber, a judgment creditor of Maness, intervened in the action and claimed a paramount lien on said stock by virtue of her judgment on which execution had been issued and levy made. Trial resulted in a decree cancelling said notes as usurious, cancelling the assignment of said stock certificate and ordering a surrender thereof to the clerk of the court. Also a lien was fixed on said stock in favor of said intervener, and same was ordered sold by the commissioner if not paid in twenty days.

Principally, a question of fact is involved on this appeal, appellant contending that the preponderance of the evidence is contrary to the findings and decree of the court, at least when measured by the clear and convincing rule which, it is contended, is required to support a

finding of usury. The issue is: Did Maness borrow $100 from appellant and execute and deliver the notes above mentioned and assign said stock certificate as collateral security therefor, or did Maness sell appellant his stock? If the transaction was one of borrowing and lending money, as contended by Maness, then the transaction was grossly usurious, as it exacted the payment of $90 interest on a loan of $100 for six months. If, on the other hand, there was an actual *bona fide* sale of said stock, as contended by appellant, then no question of usury is involved, as the element of lending and borrowing is absent. As said by the late Chief Justice Hart in *Home Bldg. & Savings Ass'n* v. *Shotwell*, 183 Ark. 750, 38 S. W. (2d) 552: "This court has uniformly recognized that borrowing and lending of money is indispensable to constitute usury; but that, no matter what the form of the contract may be, no device or shift intended to evade the usury laws will be upheld. The court has also recognized that, while an exorbitant price will not of itself constitute usury, yet it is a circumstance to be considered in determining whether the transaction was a *bona fide* sale of property or was intended for a cover for usury. It has been frequently judicially stated that one of the most usual forms of usury is a pretended sale of goods or other property."

Appellee Maness testified very positively that he executed the notes above mentioned and assigned the stock for a loan of $100; that after deducting certain amounts he owed appellant he received a check for $57.50, drawn on the City National Bank, and deposited $40 of said amount to his credit in said bank on the same day, exhibiting a duplicate deposit slip for said amount. The bank records showed that appellant's account was charged with a check for $57.50 on the same day, although both he and his bookkeeper testified that no check for that amount was drawn by him on that date to Maness or any one else. They both further testified the transaction was a sale and purchase of the stock and that the amount was paid to Maness in cash, less his indebtedness.

We think the finding of the court is supported by the preponderance of the testimony. Other facts and cir-

cumstances tending to support same are in evidence, but we think it unnecessary to set them out. We are also of the opinion that a preponderance of the testimony is sufficient, because the vital question at issue is whether the transaction was one of borrowing and lending of money, or whether the sale of property, which is a question of fact to be established by the weight of the evidence.

There is no dispute between Maness and the intervener, Annie Deuber. The decree is accordingly affirmed.